ROYCE HARDY AND MICHAEL ABU v. J. E. FLOYD

No. 8316SC1229

(Filed 2 October 1984)

**Appeal and Error § 14— notice of appeal 12 days after order entered—timeliness**

Where defendant's Rule 59(e) motion to alter and amend orders of the trial court was denied on 23 June 1983, defendant's notice of appeal given on 5 July 1983 was timely where the tenth day after entry of the order appealed from was a Sunday, and the next day, 4 July 1983, was a legal holiday.

APPEAL by defendant from *Britt, Judge.* Orders entered 23 June and 15 July 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals 20 September 1984.

In this civil action plaintiffs seek dissolution of a partnership, appointment of a temporary and permanent receiver for partnership property, and an accounting by defendant of partnership assets and liabilities. By orders entered on 17 May and 20 May, 1983, Judge Herring made permanent the prior appointment of a temporary receiver pending outcome of the litigation and approved assignment of a lease of premises previously utilized by the partnership business. On 1 June 1983 the defendant served a motion pursuant to N.C. Gen. Stat. Sec. 1A-1, Rule 59(e), North Carolina Rules of Civil Procedure, to alter and amend the orders dated 17 and 20 May, 1983. On 23 June 1983, after making detailed findings and conclusions, Judge Britt entered an order denying defendant's Rule 59 motion. On 5 July 1983 the defendant filed in the office of the Clerk of Superior Court a written notice of appeal "from the Order of the Honorable Samuel E. Britt dated June 23, 1983, denying Defendant's motion to vacate the orders of the Honorable D. B. Herring, Jr., dated May 17 and May 20, 1983." On 15 July 1983, Judge Britt, *ex mero motu*, entered an order dismissing defendant's appeal, declaring that "[a]t no time within the time allowed by law has the defendant given notice of appeal. . . ." Defendant then gave notice of appeal from the order dated 15 July 1983.

*Musselwhite, Musselwhite & McIntyre, by Fred L. Musselwhite, for plaintiffs, appellees.*

*Horton and Michaels, by John A. Michaels, for defendant, appellant.*

HEDRICK, Judge.

Defendant assigns error to the order dated 15 July 1983 dismissing his appeal from the order denying his Rule 59 motion. Rule 3, North Carolina Rules of Appellate Procedure, and N.C. Gen. Stat. Sec. 1-279 provide that notice of appeal in a civil action must be given within ten days of the date of entry of the order appealed from. The order appealed from in this case was entered on 23 June 1983. Notice of appeal was given on 5 July 1983. In calculating whether notice of appeal is timely given, the tenth day is not considered if it is a Saturday, Sunday, or legal holiday. Rule 27, North Carolina Rules of Appellate Procedure. In such case, the ten-day period runs at the end of the next day that is not a

Saturday, Sunday, or legal holiday. *Id.* In the present case, the tenth day fell on Sunday, 3 July 1983. The next day, 4 July 1983, was a legal holiday. Thus, the notice of appeal filed on 5 July 1983 was timely. Therefore, the order dismissing defendant's appeal from the order denying his Rule 59 motion is erroneous, and we will consider defendant's appeal from that order.

Defendant's Assignments of Error Nos. 11-20 and the exceptions on which they are based relate to the order dated 23 June 1983 denying defendant's Rule 59 motion. A motion made pursuant to Rule 59 must, under the provisions of that Rule, be served no later than ten days after entry of the judgment. In the instant case the record discloses that defendant's Rule 59 motion was served on 1 June 1983, more than ten days after entry of the orders he sought to have altered and amended. Nevertheless, Judge Britt ruled on the motion and defendant appealed therefrom. Thus we will consider, in the exercise of our discretion, the merits of Assignments of Error Nos. 11-20, only to say that a motion made pursuant to Rule 59(e) is addressed to the sound legal discretion of the trial judge and his ruling thereon will not be disturbed absent a showing of abuse of that discretion. *Hamlin v. Austin*, 49 N.C. App. 196, 270 S.E. 2d 558 (1980). Defendant has not argued that Judge Britt abused his discretion, nor does the record disclose any such abuse.

Defendant's Assignments of Error Nos. 1-10 and the exceptions on which they are based relate to the orders entered by Judge Richardson on 28 April 1983 and Judge Herring on 17 and 20 May 1983. This appeal, however, was taken from the order dated 23 June denying defendant's Rule 59(e) motion and the order dated 15 July dismissing that appeal. Defendant has not appealed from the orders of Judges Richardson and Herring. Thus we have no jurisdiction to consider these assignments of error. Rule 3, North Carolina Rules of Appellate Procedure; N.C. Gen. Stat. Sec. 1-279. Even if defendant had given notice of appeal from Judge Herring's orders dated 17 and 20 May 1983 on 5 July 1983, such notice would not have been proper, since service of the Rule 59 motion was not timely so as to toll the running of the time within which notice of appeal must be given. *Id.*

The result is: the order dated 23 June 1983 denying defendant's Rule 59(e) motion is affirmed; that portion of the appeal pur-

porting to challenge the orders entered on 28 April and 17 and 20 May 1983 is dismissed.

Affirmed in part and dismissed in part.

Judges BECTON and PHILLIPS concur.