MAUDE O'NEAL, MINERVA O'NEAL, AND NAOMI O'NEAL v. MRS. W. H. ROLLINSON AND M. L. BURRUS.

(Filed 22 September, 1937.)

1. **Waters and Water Courses § 1—**

    Where the shore line is substantially straight, the riparian rights of adjoining landowners along a navigable stream are to be determined, not by extending the side property lines in a straight line to the channel, but by drawing lines from the end of the side property lines perpendicular to the shore line to the channel.

**2. Same: Injunction § 6—Injunction will lie to compel removal of part of structure which constitutes continuing trespass.**

> Where a riparian owner of land along a navigable stream erects a wharf which extends several feet beyond his riparian ownership, and to that extent interferes with the adjoining owner's right of access to navigable water, the wharf constitutes a continuing trespass and the adjoining landowner is entitled to·a mandatory injunction for the removal of the part which interferes with his riparian rights.

APPEAL by defendants from *Williams, J.,* at May Term, 1937, of DARE.

This is an action brought by the plaintiffs to obtain a mandatory injunction against the defendants to require them to remove that portion of a wharf which plaintiffs alleged trespasses upon their riparian ownership, and to recover damages for erection of same. All parties expressly waived a jury trial and agreed that the court hear the evidence and find the facts.

The court found as facts, in substance, that the plaintiffs, as against the defendants, are the owners of a certain tract of land, south of and adjacent to a tract of land owned by the defendants, of which the defendants are in peaceable possession, abutting on a portion of the Albemarle Sound in Dare County, known as Stowe's Ditch, a navigable stream; that the shore line along the front of each parcel of land is a retaining wall on a course south 53 degrees west; that Stowe's Ditch follows generally the course of the retaining wall throughout its length; that the dividing line between the two parcels of land approaches the shore line on a course north 52 degrees west; that in December, 1935, the defendants constructed a "T" shaped wharf from their shore line to the edge of deep water, or the channel, thus forming a dock three feet wide and 23.8 feet long; that if the riparian rights of the plaintiffs are determined by extending the property line dividing the two pieces of property in a straight line to the channel, the said dock or wharf would lack 1.6 feet of extending into the riparian ownership of the plaintiffs; but if the said riparian ownership is determined by drawing parallel lines from each property line, at right angles with the shore line, and direct to the edge of the channel or deep water mark, said wharf extends 3.8 feet beyond the riparian ownership of defendants and trespasses upon the riparian rights of plaintiffs to that extent; that neither party hereto has procured a grant for any of the property extending between the shore line and the channel and their ownership depends exclusively upon the rights afforded abutting owners to a stream of that kind and character.

Upon such finding the court adjudged "that the riparian ownership of plaintiffs and defendants is determined by drawing parallel lines from the property lines of each owner, at right angles or perpendicular to the shore line, and extending directly to the edge of the channel or deep

water, and that defendants' wharf extends into plaintiffs' riparian owner-ship a distance of 3.8 feet, and plaintiffs' motion for a mandatory in-junction should be and is hereby, to the extent of 3.8 feet, allowed, and defendants are forthwith ordered to remove said portion of said wharf so extending beyond their own and into plaintiffs' riparian ownership."

The defendants moved for judgment as of nonsuit at the close of plaintiffs' testimony, and again at the close of all the testimony. The motions were denied and defendants excepted. The defendants also ex-cepted to the signing of the judgment, assigned error, and appealed to the Supreme Court.

*McMullan & McMullan for plaintiffs, appellees.*
*M. B. Simpson for defendants, appellants.*

WINBORNE, J. Two questions of law arise on the fact situation of this case: (1) Was the court correct in holding that the riparian ownership of plaintiffs and defendants is determined by drawing parallel lines from the property lines of each owner at right angles or perpendicular to the shore line, and extending directly to the edge of deep water, or the channel? (2) If so, are the plaintiffs entitled to mandatory injunction? Both questions are answered in the affirmative. The authorities support the judgment below.

In *Bond v. Wool,* 107 N. C., 139, a controversy between two riparian owners, neither having a grant for any of the property extending between the shore line and the channel, and each relying upon his rights as riparian owner, it is said by the Court: "In the absence of any spe-cial legislation on the subject, a littoral proprietor and a riparian owner, as is universally conceded, have a qualified property in the water front-age belonging, by nature, to their land, the chief advantage growing out of the appurtenant estate in the submerged land being the right of access over an extension of their water fronts to navigable water, and the right to construct wharves, piers, or landings, subject to such general rules and regulations as the Legislature, in the exercise of its powers, may pre-scribe for the protection of the public rights in rivers and navigable waters."

Again in the same case, at page 149: "This qualified property, that, according to well settled principles, as interpreted in nearly all the highest courts in the United States, is necessarily incident to riparian ownership, extends to the submerged land bounded by the water front of a particular proprietor, the navigable water and two parallel lines pro-jected from each side of his front to navigable water."

The appellant contends, however, that the decision in *Bond v. Wool, supra,* is inapplicable to the instant case for that there the abutting

lands were of rectangular shape and the property lines approached the shore lines at right angle and of necessity an extension of straight parallel lines in such case would be at right angles to the shore line. However, a protraction of the side lines of an abutting tract of land in the same course in which they run to the shore line might, and could, entirely deprive the owner of access to deep water or the channel.

In 45 C. J., 495, we find this appropriate statement: "The apportionment of riparian rights as between adjoining riparian owners is made by extending lines from the ends of the side lines at right angles to the line of the water front, if the latter be straight or substantially so, subject to variation where the line of navigation is not parallel with the shore line, without regard to the direction of the dividing lines of the upland parcels."

The Supreme Court of New Jersey, in the case of *Delaware, etc., R. R. Co. v. Hannon,* 37 N. J. L., 276, speaks to a similar question, and says: "At the trial, the rule applied was, that line of extension was 'to be got by ascertaining what the original high water mark on the shore was, and then extending the lines at right angles from that line.' In its application to the facts of the case on trial, it seems to me the rule thus propounded was clearly correct. Along that part of the shore embracing the premises in question, the high water line was practically straight, and wherever this is the case, the side lines of the land reclaimed must be at right angles to such base line."

In the case of *Manufacturers' Land & Improvement Co. v. Board of Commerce & Navigation,* 121 Atl., 337, it is said: "In conveying to the water, the prosecutor was entitled to rely on, and its grantees were charged with knowledge of, the established rule that in wharfing out, the right angle principle was applicable. As was said by *Chief Justice Beasley* in the *Hannon case, supra,* 'It is not of the least importance in what direction the owner of the upland has seen fit to run the lines of his property to the shore. Whether such lines approach the water courses rectangular to the shore line, or run obliquely to such base, the right of riparian extension is unaffected by the difference.'"

The "right angle" principle applied to the facts in the instant case appears to be reasonable.

The wharf or dock, as constructed by the defendants, trespasses upon the riparian property rights of the plaintiffs. The trespass is continuous in character. The plaintiffs are entitled to mandatory injunction as granted. *Kingsland v. Kingsland,* 188 N. C., 810.

The judgment of the court below is

Affirmed.