E. HENRY CONRAD; BERNHARD CONRAD EMBROIDERY CO.;
A. B. EMBLEM CORP.; CHENEY BIGELOW, INC., AND NEW-
FOUND INDUSTRIES, A DIVISION OF SHAW INDUSTRIES, INC.
v. RILEY L. JONES AND MARY E. JONES; CRAIG L. JONES
AND ELAINE H. JONES; AND LATTIE L. JONES, JR., AND MRS.
LATTIE L. JONES, JR.

No. 7628SC320

(Filed 6 October 1976)

1. Injunctions § 7— continuing trespass — permanent injunction
       Equitable relief in the form of a permanent injunction is the
   proper remedy in cases of continuing trespass in order to avoid a
   multiplicity of actions at law for damages.

2. Injunctions § 7— injunction against use of sewer line — ownership of
   line — necessity for findings
       In an action for an injunction directing defendants to disconnect
   their sewer line from an eight-inch sewer line allegedly owned by

plaintiffs and restraining defendants permanently from reconnecting their sewer line to plaintiffs' sewer line, the trial court erred in failing to make findings of fact as to the nature and extent of plaintiffs' interest in the eight-inch sewer line since, without such findings, the court could not properly determine whether plaintiffs were entitled to a permanent injunction against defendants' alleged continuing trespass.

APPEAL by plaintiffs E. Henry Conrad, Bernhard Conrad Embroidery Co., and A. B. Emblem Corp., from *Martin, Judge (Harry C.).* Judgment entered 15 January 1976 in Superior Court, BUNCOMBE County. Heard in Court of Appeals 31 August 1976.

This is a civil action wherein the plaintiffs seek to have the court issue a mandatory injunction directing the defendants to disconnect a sewer line constructed by them from an eight-inch sewer line allegedly owned by the plaintiff, E. Henry Conrad, and a permanent injunction restraining the defendants from reconnecting their sewer line to the plaintiff's sewer line.

The evidence offered at trial without a jury tends to show the following:

On 7 January 1963 plaintiff, E. Henry Conrad, contracted with Southeastern Construction Co. (Southeastern) to construct a manufacturing plant for him on property owned by Southeastern in Buncombe County. The original specifications in the contract required Southeastern to construct a septic tank or a subsurface absorption waste disposal system, but due to regulations of the State of North Carolina a sewer line system of waste disposal was necessitated in substitution.

Southeastern did construct a sewer line that includes a six-inch line running from the plant to a point near the western margin of US Business 19-23 where it ties into the eight-inch line which runs northwardly along the right-of-way of US Business 19-23 approximately 3,150 feet where it ties into the sewer system of Weaverville, North Carolina. Southeastern had obtained on 21 July 1963 the approval of the North Carolina State Highway Commission to encroach on the Commission's right-of-way to lay the eight-inch sewer line.

By deed dated 26 August 1963 Southeastern conveyed by metes and bounds the land and building served by the sewer line together with "all appurtenances thereto belonging" to plaintiff Conrad. Prior to April 1973 all the corporate plain-

tiffs had tapped onto the eight-inch sewer line with the express permission of plaintiff Conrad.

Defendants own certain real property south of plaintiff Conrad's premises and south of the sewer line constructed by Southeastern. On 11 September 1972 defendants obtained approval from the North Carolina State Highway Commission to encroach on the Commission's right-of-way northwardly along US Business 19-23 to install an eight-inch sewer line to the beginning point of the then existing eight-inch line constructed by Southeastern. On 14 April 1973 defendants connected their line to the line constructed by Southeastern. By quitclaim deed dated 11 July 1973 Southeastern conveyed to defendants Lottie L. Jones and Riley L. Jones all of its right, title and interest in and to the eight-inch sewer line constructed by it.

Based upon a conservative estimate of the capacity of the eight-inch sewer line, the peak hourly flow to which the line is subjected by its combined use by plaintiffs and defendants is only twelve and one-half (12.5%) per cent of its capacity.

The court made findings of fact with regard to plaintiffs' claim, including detailed findings as to the capacity and usage of the sewer line, and concluded the following:

"There was no evidence adduced at the trial of this matter which would support the invocation by the Court of its equitable powers and the plaintiffs are not entitled to the equitable relief prayed for in their complaint."

From an order denying plaintiffs injunctive relief, plaintiffs E. Henry Conrad, Bernhard Conrad Embroidery Co. and A. B. Emblem Corp. appealed.

*Riddle and Shackelford by John E. Shackelford for plaintiff-appellants.*

*Bruce A. Elmore by John A. Powell for defendant appellees.*

HEDRICK, Judge.

Plaintiffs contend the court erred in not determining who had title to the eight-inch sewer line. They base their contention upon the court's failure to make any finding or conclusion

Conrad v. Jones

as to what interest, if any, they have in the sewer line, and the court's following announcement:

"[I]t was not necessary for the Court to decide the question of title to the sewer line built by Southeastern in order to resolve this case. That without deciding the question of title with respect to the sewer line, the one built by Southeastern, but assuming that the plaintiff is the owner of it, the plaintiff has failed to produce evidence sufficient to support their prayer for equitable relief in the form of a mandatory injunction or otherwise."

[1] From the findings of fact, conclusions of law, judgment, and the announcement quoted above, it appears that the trial judge believed that the court had no authority to grant equitable relief unless the plaintiffs offered evidence of irreparable injury. However, plaintiffs' claim is based upon "continuing trespass," and equitable relief in the form of a permanent injunction is the proper remedy in such cases in order to avoid a mu'tiplicity of actions at law for damages. *Young v. Pittman,* 224 N.C. 175, 29 S.E. 2d 551 (1944); *Collins v. Freeland,* 12 N.C. App. 560, 183 S.E. 2d 831 (1971); 47 N.C. L. Rev. 334, 359 (1969); Annot., 60 A.L.R. 2d 310 (1958); Annot., 76 A.L.R. 2d 1329 (1961) (injunction for unauthorized use of sewer line).

[2] Obviously there can be no determination as to whether the plaintiffs are entitled to equitable relief until there has been a finding as to the nature and extent of plaintiffs' interest in the eight-inch sewer line. At trial plaintiffs offered evidence tending to show that the property served by the sewer line, together with "all appurtenances thereto belonging" was conveyed to Conrad by Southeastern by deed dated 26 August 1963; yet, the court made no finding regarding this conveyance. Whatever interest or title plaintiffs have in the sewer line was derived from Southeastern by this conveyance.

In all actions tried without a jury it is the duty of the trial judge to find the facts specially, state separately its conclusions of law, and enter the appropriate judgment. G.S. 1A-1, Rule 52(a) (1). It is also the duty of the trial judge to make findings of fact determinative of the issues raised by the pleadings and the evidence. *McCormick v. Proctor,* 217 N.C. 23, 6 S.E. 2d 870 (1940); *Dunn v. Wilson,* 210 N.C. 493, 187 S.E. 802 (1936); *Lawing v. Jaynes* and *Lawing v. McLean,* 20 N.C. App. 528,

202 S.E. 2d .334 (1974) ; Modified on other grounds, 285 N.C. 418, 206 S.E. 2d 162 (1974) ; *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971) ; 1 Strong, N. C. Index 3d, Appeal and Error, § 57, p. 340.

In our opinion, the trial court erred in not making findings of fact sufficient to determine what interest, if any, plaintiffs have in the sewer line. Until such findings are made, the court cannot determine whether plaintiffs are entitled to a permanent injunction against the alleged continuing trespass.

For the reasons stated the judgment appealed from is vacated and the cause is remanded to the superior court for a new trial.

Error and remanded.

Judges BRITT and MARTIN concur.