EDWARD L. POWELL, COMMISSIONER OF MOTOR VEHICLES
v. MAX H. BOST

No. 7627SC684

(Filed 2 February 1977)

Automobiles § 2— refusal to take breathalyzer test — suspension of license
— trial de novo in superior court — insufficiency of court's findings

   In a trial *de novo* in superior court from an order of the Division
   of Motor Vehicles suspending the driver's license of petitioner for
   his refusal to take a breathalyzer test, the court's conclusion that the
   Commissioner had no authority to suspend petitioner's license was not
   supported by appropriate findings of fact where the court merely nar-
   rated the testimony of two police officers and failed to make findings
   determinative of issues as to whether (1) the arresting officer had
   reasonable grounds to believe petitioner had been operating a motor
   vehicle upon a highway or public vehicular area while under the influ-
   ence of intoxicants; (2) petitioner was placed under arrest for driving
   under the influence of intoxicating liquor; and (3) petitioner wilfully
   refused to submit to the breathalyzer test after being informed of
   his rights. G.S. 20-16.2(d).

APPEAL by Edward L. Powell, Commissioner of the Division
of Motor Vehicles of the Department of Transportation, from
*Friday, Judge.* Judgment entered 28 May 1976 in Superior
Court, GASTON County. Heard in Court of Appeals 20 January
1977.

   In this proceeding Max H. Bost filed a petition in the su-
perior court pursuant to the provisions of G.S. 20-16.2(e) for a
trial *de novo* from the order of the Division of Motor Vehicles
suspending his driver's license for six months pursuant to G.S.
20-16.2(d). In his petition Bost alleged:

   "3. That on the 1st day of November, 1975, the peti-
   tioner was arrested by Officer C. L. Lowe, Gastonia Police
   Department, charged with operating an automobile under
   the influence of alcoholic beverages in violation of G.S.
   20-138. . . . That at the time of the arrest, the officer did
   not observe the petitioner operating an automobile. That
   at 9:00 P.M., according to the arresting officer, the peti-
   tioner refused to take the Chemical Breath Test.

   4. . . . That due to a lack of evidence, on January 6,
   1976, the charge was dismissed against the petitioner.

   5. Subsequent to that time the petitioner requested
   and had a hearing before the Deputy Hearing Commission

Powell v. Bost

of the State of North Carolina, Department of Motor Vehicles to show cause why his license should not be suspended for failure to take the Chemical Breath Test. That petitioner's request to have the suspension abated was denied by the hearing officer and the department subsequently issued an order ordering the petitioner to surrender his driving license for six months effective January 19, 1976.

6. That the petitioner was not afforded Chemical Breath Tests until more than two hours after the alleged offense occurred. That the action of the respondent in attempting to suspend the petitioner's operating license was contrary to the laws of the State of North Carolina under the circumstances."

The Division of Motor Vehicles filed an answer admitting that Bost was arrrested and charged with driving under the influence and that he refused to take the breathalyzer test, but denying all the allegations as to the circumstances under which Bost was requested to take the breathalyzer test. The Division also denied that its actions in suspending Bost's driving privileges was contrary to the law.

After a hearing the superior court judge entered the following order:

"(1) That the prior Orders of the respondent Commissioner of Motor Vehicles revoking the petitioner's privilege to operate an automobile under the provisions of G.S. 20-16.2 be reversed;

(2) That the respondent Commissioner of Motor Vehicles for the State of North Carolina be permanently enjoined from attempting to revoke the privilege of the petitioner from operating an automobile under the provisions of G.S. 20-16.2 for allegedly refusing to submit to a chemical test on the 1st day of November, 1975."

The Division of Motor Vehicles appealed.

*Robert H. Forbes for petitioner appellee.*

*Attorney General Edmisten by Deputy Attorney General Jean A. Benoy for respondent appellant.*

HEDRICK, Judge.

Respondent contends the trial court failed to make sufficient findings of fact to support its conclusion that the Commissioner was not authorized under the circumstances of this case to suspend Bost's driving privileges for six months pursuant to the provisions of G.S. 20-16.2.

In an action tried without a jury it is the duty of the trial judge to find the facts specially, state separately its conclusions of law, and enter the appropriate judgment. G.S. 1A-1, Rule 52(a)(1). The judge must make findings of fact determinative of the issues raised by the pleadings and the evidence. *Conrad v. Jones*, 31 N.C. App. 75, 228 S.E. 2d 618 (1976).

In *Joyner v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 226, 182 S.E. 2d 553 (1971), Justice (now Chief Justice) Sharp set forth the provisions of G.S. 20-16.2 and 20-25 and then wrote:

> "From the foregoing statutes it is clear that any person whose driver's license has been suspended by the Department of Motor Vehicles under the provisions of G.S. 20-16.2(d) has the right to a 'full *de novo* review by a Superior Court judge.' . . . This means the Court must hear the matter 'on its merits from beginning to end as if no trial or hearing had been held' by the Department and without any presumption in favor of its decision. . . No discretionary power is conferred upon the court in matters pertaining to the revocation of licenses. If, under the facts found by the judge, the statute requires the suspension or revocation of petitioner's license 'the order of the department entered in conformity with the facts found must be affirmed.'" (Citations omitted.) *Id.* at 232, 182 S.E. 2d at 558.

In the present case in the trial *de novo* in the superior court, it was the duty of the judge to make findings of fact determinative of the following issues: whether the officer had reasonable grounds to believe Bost had been driving or operating a motor vehicle upon a highway or public vehicular area while under the influence of intoxicating liquor; whether Bost was placed under arrest for driving under the influence of intoxicating liquor; and whether Bost willfully refused to submit to the breathalyzer test after being informed of his rights. G.S. 20-16.2(d).

Under that portion of the judgment labeled "Findings of Fact" the court merely narrated the testimony of Officers Lowe and Deaton. The court made no findings of fact determinative of the critical issues enumerated in G.S. 20-16.2(d). The conclusions drawn by the trial judge are not supported by appropriate findings of fact.

For the reasons stated the order appealed from is vacated and the proceedings is remanded to the superior court for a new trial.

Reversed and remanded.

Judges VAUGHN and CLARK concur.