AARON HAMLIN AND VERONICA C. HAMLIN v. CHARLES AUSTIN, BETHIA AUSTIN, PAUL S. MEEKER, EDNA MEEKER, JOHN E. POWELL, JOE POWELL

No. 8028DC182

(Filed 7 October 1980)

1. **Rules of Civil Procedure § 59– motion to amend judgment – discretion of court**

    A motion to amend a judgment pursuant to G.S. 1A-1, Rule 59(e) is addressed to the sound discretion of the trial court.

2. **Appeal and Error § 14– appeal from denial of motion to amend judgment – no appeal from judgment**

    Plaintiffs' appeal from an order denying their motion to amend the judgment did not constitute an appeal from the judgment itself.

APPEAL by plaintiffs from *Fowler, Judge.* Order entered 5 November 1979 in District Court, BUNCOMBE County. Heard in the Court of Appeals in Waynesville on 28 August 1980.

Plaintiffs seek the removal of obstructions from a portion of Holly Street in the Stradley Mountain Park subdivision of Asheville. Plaintiffs own lots in the subdivision. Defendants who also own lots in the subdivision, answer that the disputed portion of Holly Street has never been opened and claim ownership by adverse possession. After trial without a jury, the court entered judgment dismissing the action on grounds that plaintiffs failed to offer evidence of the location of the disputed area and denying defendants' claim of adverse possession. Plaintiffs moved the court pursuant to Rule 59 of the Rules of Civil Procedure for an amendment to the judgment because the conclusion of law therein was erroneous. From the order denying plaintiffs' motion for amendment of judgment, plaintiffs appeal.

*Stephen Barnwell for plaintiff appellants.*

*Michael D. Meeker for defendant appellees, Paul S. Meeker and Edna W. Meeker.*

CLARK, Judge.

[1] Plaintiffs' assignments of error, their exceptions, and their arguments in their brief, all relate to alleged errors in the judgment of the trial court entered 10 October 1979. This appeal, however, was taken from the trial court's order entered

5 November 1979 denying plaintiffs' motion to amend the judgment pursuant to N.C. Rules Civ. P. 59(e), G.S. 1A-1. A motion under Rule 59(a) is "addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. *Glen Forest Corp. v. Bensch,* 9 N.C. App. 587, 176 S.E. 2d 851 (1970)." *In re Brown* 23 N.C. App. 109, 110, 208 S.E. 2d 282, 283 (1974). We hold that a motion under Rule 59(e) is similarly addressed to the court's discretion. Plaintiffs' brief did not address the issue of abuse of discretion, neither does such abuse appear on the face of the record.

[2] We note that under App. R 3(c) the filing of plaintiffs' motion to amend the judgment tolled the running of plaintiffs' time for serving notice of appeal. Plaintiffs had exactly the same period of time to file an appeal from the judgment as from the order: ten days from the denial of the motion to amend. Plaintiffs chose to appeal the order and not the judgment. We cannot permit defendants' 59(e) motion to substitute for a direct appeal from the judgment of the trial court.

Affirmed.

Judges MARTIN (Harry C.) and HILL concur.