ROSE ACOSTA JACOBS v. MICHAEL GRADY LOCKLEAR

No. 611A83

(Filed 30 April 1984)

**Negligence § 35.4— contributory negligence not shown—failure to grant judgment notwithstanding verdict error as a matter of law**

It was error *as a matter of law* for the trial court to deny plaintiff's motion for judgment n.o.v. on the issue of whether plaintiff contributed to her own injuries in an automobile accident and for a new trial on the issue of damages where there was no evidence upon which to submit the issue of contributory negligence to the jury. Contrary to the assertion of the Court of Appeals, the trial judge had no discretion in this matter.

APPEAL by defendant from a decision of the Court of Appeals, 65 N.C. App. 147, 308 S.E. 2d 748 (1983), one judge dissenting, granting plaintiff a new trial following judgment for the defendant entered by *Lane, S. J.,* at the 17 August 1982 Civil Session of Superior Court, ROBESON County. Heard in the Supreme Court 12 April 1984.

*Page & Baker, P.A., by H. Mitchell Baker, III, attorney for defendant-appellant.*

*Britt and Britt, by William S. Britt, attorney for plaintiff-appellee.*

PER CURIAM.

Plaintiff brought this action seeking to recover for personal injuries sustained as a result of an automobile accident. The accident occurred on the night of 6 July 1980 following a party attended by plaintiff, defendant, family and friends. Plaintiff and her family were standing in front of plaintiff's car waiting for the traffic to subside. Defendant's automobile was parked approximately ten to twelve feet in front of plaintiff's automobile. Plain-

tiff saw defendant approach his automobile but did not hear or see him start the car because she was engaged in conversation. Defendant was intoxicated. Without warning, he placed his car in reverse, backed it toward the group of people standing in front of plaintiff's car, and pinned the plaintiff between the front of her car and the rear of his car. Plaintiff sustained injuries to her legs.

At the conclusion of the evidence, the plaintiff moved for a directed verdict on the issue of negligence. The motion was denied and the following issues were submitted and answered by the jury:

1. Was the plaintiff, ROSE ACOSTA JACOBS, injured or damaged by the negligence of the defendant, MICHAEL GRADY LOCKLEAR?

   Answer: Yes.

2. Did the plaintiff, ROSE ACOSTA JACOBS, by her own negligence contribute to her injury or damage?

   Answer: Yes.

3. What amount, if any, is the plaintiff, ROSE ACOSTA JACOBS, entitled to recover for personal injury?

   Answer: _____.

After the verdict was returned, plaintiff's counsel moved *inter alia* for a judgment n.o.v. and to set aside the verdict as being against the greater weight of the evidence. These motions were denied.

The Court of Appeals concluded that "[a]s a matter of law, there being no evidence upon which to submit to the jury an issue of contributory negligence, it was prejudicial error to do so." *Id.* at 150, 308 S.E. 2d at 750. The Court of Appeals granted the plaintiff a new trial. We agree with the reasoning and the conclusion reached by the Court of Appeals that the trial court erred in submitting the issue of contributory negligence to the jury.

It was error *as a matter of law* for the trial court to deny plaintiff's motion for a new trial. In its opinion, the Court of Appeals stated that "the plaintiff has shown an abuse of discretion by the trial court in its denial of plaintiff's motion for a new

trial." *Id.* Contrary to this assertion of the Court of Appeals, the trial judge had no discretion in this matter.

The case is remanded to the Court of Appeals for further remand to the trial court for entry of judgment n.o.v. on the issue of plaintiff's contributory negligence. Plaintiff is entitled to a new trial on the issue of damages only.

Modified and Affirmed.