JOE WILLIAMS v. SOUTH & SOUTH RENTALS, INC.

No. 8524SC1219

(Filed 5 August 1986)

**1. Limitation of Actions § 5; Trespass § 3— permanent redress of encroachment on realty—statute of limitations**
 Plaintiff's action for permanent redress of defendant's unauthorized taking of plaintiff's land by its construction of an apartment building which encroaches approximately one square foot on plaintiff's land is governed by the twenty-year statute of limitations for adverse possession rather than the three-year statute of limitations for continuing trespass to real property. However, an action to recover for damages to the land caused by construction of the building is governed by the three-year statute of limitations for continuing trespass. N.C.G.S. § 1-40; N.C.G.S. § 1-52(3).

**2. Injunctions § 7.1— encroachment on realty—right to mandatory injunction**
 Where it was established that defendant's apartment building encroaches approximately one square foot on plaintiff's land, and defendant is not a quasi-public entity, plaintiff is entitled as a matter of law to a mandatory injunction ordering removal of the encroachment.

 Judge WEBB dissenting.

APPEAL by plaintiff from *Pachnowski, Judge*. Judgment entered 31 July 1985 in Superior Court, WATAUGA County. Heard in the Court of Appeals 13 March 1986.

On 1 March 1984, plaintiff filed his complaint in this action alleging (i) that he owned property contiguous on the east to property owned by defendant, (ii) that defendant had constructed a two-story brick and frame apartment building, the northwest corner of which encroaches upon plaintiff's property, (iii) that this trespass is a continuing trespass and (iv) that he has demanded that defendant remove that portion of the building which en-

croaches upon plaintiff's property. In his prayer for relief, plaintiff prayed for a mandatory injunction ordering removal of the encroachment.

Defendant's answer, filed 30 March 1984, set forth several affirmative and equitable defenses including the statute of limitations, laches, the equitable burden test and unclean hands. In opposition to plaintiff's motion for summary judgment, defendant filed the affidavit of John B. South, who stated *inter alia* that he and his father are corporate officers of defendant, that they neither were aware of any alleged encroachment until 1984, that upon learning of the alleged encroachment, they informed plaintiff that they wanted no problems with the title, that plaintiff responded that defendant could purchase his adjoining property for a sum in excess of $45,000.00, and that plaintiff's land has never been used for any purpose, is oddly shaped, is located substantially in a creek bed, is practically unusable and consists of one-fourth to one-third of an acre.

On 31 March 1985, the Honorable Joseph A. Pachnowski entered the following judgment:

> THIS CAUSE coming on for trial before the undersigned Superior Court Judge, non-jury, during a regular term of Civil Superior Court in Watauga County and, at the request of counsel for the respective parties, the Court held a Pretrial Conference in Chambers to review the Court file and contentions of the parties, one such contention or issue raised by the Defendant being that the applicable statute of limitations had expired; the Court thereupon determined that this issue should be resolved before the parties commenced their cases-in-chief for the economy of time and, by consent of the parties, the Court reviewed the Court file, heard testimony, argument of counsel, and makes the following

### FINDINGS OF FACT:

> 1. The Complaint of Plaintiff, Joe Williams, was filed on March 1, 1984.

> 2. The Complaint alleged in paragraph 4 that a building of Defendant, South & South Rentals, Inc., encroached by approximately one foot onto Plaintiff's land, no date being al-

leged, but that such "trespass is a continuing trespass," no other claims of relief being plead.

3. There was and is an encroachment, and Summary Judgment was entered on such issue, the parties stipulating that all other issues were preserved.

4. The relief sought by Plaintiff was to have the encroachment removed.

5. The encroaching building was constructed in 1975, the year of the original trespass, this fact being uncontested;

6. The encroaching building, consisting of apartments, is permanent in its nature, as opposed to being an intermittent or recurring trespass.

Based upon the foregoing Findings of Fact, the Court makes the following

CONCLUSIONS OF LAW:

1. The encroachment of Defendant's building is, alleged in the Complaint, a continuing trespass.

2. North Carolina General Statute 1-52(3) is therefore applicable and requires that an action for a continuing trespass "shall be commenced within three years from the original trespass and not thereafter."

3. The Complaint having been filed approximately nine years after the original trespass, Plaintiff's claim for relief is barred by North Carolina General Statute 1-52(3).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's claim be and the same is hereby dismissed, that he take nothing by his action and that he pay the costs of this action, the same to be taxed against him by the Clerk.

DONE AND ORDERED, in open Court on July 31, 1985, and signed this 1st day of August, 1985.

From the entry of this judgment, plaintiff appealed.

*McElwee, McElwee, Cannon and Warden by William H. McElwee, III, for plaintiff-appellant.*

*Clement, Miller and Whittle by Chester E. Whittle, Jr., for defendant-appellee.*

PARKER, Judge.

[1] In his first assignment of error, plaintiff contends that the trial judge erred in finding that the encroachment was a continuing trespass, and in his second assignment of error, plaintiff asserts that the trial judge erred in concluding as a matter of law that G.S. 1-52(3) barred plaintiff's claim for relief.

The relationship between application of G.S. 1-52(3), the statute of limitations for a continuing trespass to real property, and G.S. 1-40, the limitations period for adverse possession, was addressed many years ago by our Supreme Court in *Teeter v. Telegraph Co.*, 172 N.C. 784, 90 S.E. 941 (1916). In *Teeter*, defendant had moved its telegraph poles onto plaintiff's property in 1909; the action was commenced in either December 1914 or January 1915; not long before the action was instituted, defendant had repaired a portion of its line and caused further damage and injury to plaintiff's land. Defendant contended on appeal that the action was barred by the three-year statute of limitations, present G.S. 1-52(3). Hoke, J., wrote for the Court as follows:

> Speaking to this section in *Sample v. Lumber Co.*, 150 N.C., pp. 165-166, action for wrongful entry and cutting timber on another's land, the Court said: "True, the statute declares that actions for trespass on real estate shall be barred in three years, and when the trespass is a continuing one such action shall be commenced within three years from the original trespass, and not thereafter; but this term, 'continuing trespass,' was no doubt used in reference to wrongful trespass upon real property, caused by structures permanent in their nature and made by companies in the exercise of some *quasi*-public franchise. Apart from this, the term could only refer to cases where a wrongful act, being entire and complete, causes continuing damage, and was never intended to apply when every successive act amounted to a distinct and separate renewal of wrong."

Referring to the language of the section and the inter-
pretation of it suggested in that decision, the Court is in-
clined to the opinion that this is a continuing trespass within
the meaning of the law, and for damages incident to the origi-
nal wrong, and for that alone, no recovery could be sustained.
But this is a suit for permanent damages, and on recovery
and payment, so far as plaintiff is concerned, confers on the
defendant the right to maintain its line on plaintiff's land for
an indefinite period and to enter on the same whenever rea-
sonably required for the "planting, repairing, and preserva-
tion of its poles and other property." *Caviness v. R.R., ante*,
305. It is a suit to recover for the value of the easement,
which can pass to defendant only by grant or by proceedings
to condemn the property pursuant to the statute, Revisal,
secs. 1572-1573, or by adverse and continuous user for the
period of twenty years.

By analogy, in the case *sub judice*, an apartment building en-
croaches approximately one square foot on plaintiff's land, hence
the encroachment is permanent in nature; since the structure is
permanent, the physical trespass is continuous; and the building
was built in 1975 more than three years before institution of the
action. Therefore, we conclude that this is a continuing trespass
and for damages incident to the original wrong, *i.e.*, the construc-
tion of the building itself, and for that alone, no recovery can be
had. However, like in *Teeter, supra*, this action is for something
more than damages to the land caused by the construction. The
action is to redress defendant's unauthorized taking of the land.
While the action sounds in trespass because there is no dispute
over title or location of the boundary line, plaintiff seeks a perma-
nent remedy and is subject to the twenty-year statute of limita-
tions for adverse possession.

As noted in *Bishop v. Reinhold*, 66 N.C. App. 379, 311 S.E. 2d
298, *disc. rev. denied*, 310 N.C. 743, 315 S.E. 2d 700 (1984), an ac-
tion similar on its facts to the case at bar, "[t]o deny plaintiffs a
right of action . . . would be to allow the defendants a right of
eminent domain as private persons (and without the payment of
just compensation) or grant defendants a permanent prescriptive
easement to use the plaintiffs' land. This the law will not do, as
the defendants have not been in possession for twenty years from
1973, the date the house was constructed." We agree with plain-

tiff that the action for permanent redress is not barred by the statute of limitations.

[2] In his third assignment of error, plaintiff contends that the trial judge erred by failing to enter judgment directing defendant to remove the encroachment. This appeal is from a judgment entered on the statute of limitations; the parties specifically stipulated that defendant's affirmative defenses were preserved. Ordinarily, our ruling on the first two assignments of error would dispose of this appeal, and we would remand for trial on the merits. However, prior findings by the trial court and applicable North Carolina law preclude our granting a new trial. In ruling on plaintiff's motion for summary judgment, the trial judge found as fact that there exists no issue of fact with reference to the boundaries of the plaintiff and defendant's properties and that defendant's building encroaches on plaintiff's property as shown on the plat attached to the affidavit of the registered surveyor.

North Carolina is among those jurisdictions requiring that damages for a continuing trespass be brought in one action. In other words, North Carolina does not recognize successive causes of action for continuing trespass. *See Phillips v. Chesson*, 231 N.C. 566, 58 S.E. 2d 343 (1950), *Cherry v. Canal Company*, 140 N.C. 422, 53 S.E. 138 (1906), and Prosser, *Law of Torts*, § 13 (3rd ed. 1971). However, on the theory that an award of monetary damages for a permanent encroachment is tantamount to condemnation by a private citizen without the right of eminent domain, our courts have permitted permanent monetary damages only in those situations involving quasi-public entities, for example, the telegraph company in *Teeter, supra. See Phillips, supra.* Hence the usual remedy for a continuing trespass is a permanent injunction which in this case would be a mandatory injunction for removal of the encroachment. *See O'Neal v. Rollinson*, 212 N.C. 83, 192 S.E. 688 (1937) and *Conrad v. Jones*, 31 N.C. App. 75, 78, 228 S.E. 2d 618, 619 (1976).

We recognize that in today's economic environment with multi-investor ownership of properties having substantial improvements, there may be situations, other than the traditional quasi-public franchise, where sufficient public interest exists to make the right of abatement at the instance of an individual improper, and defendant should be permitted to demand that perma-

nent damages be awarded. *See Rhodes v. City of Durham,* 165 N.C. 679, 81 S.E. 938 (1914), D. Dobbs, *Trespass to Land,* 47 N.C. Law Rev. 31 (1968). Where the encroachment is minimal and the cost of removing the encroachment is most likely substantial, two competing factors must be considered in fashioning a remedy. On the one hand, without court intervention, a defendant may well be forced to buy plaintiff's land at a price many times its worth rather than destroy the building that encroaches. On the other hand, without the threat of a mandatory injunction, builders may view the legal remedy as a license to engage in private eminent domain. The process of balancing the hardships and the equities is designed to eliminate either extreme. Factors to be considered are whether the owner acted in good faith or intentionally built on the adjacent land and whether the hardship incurred in removing the structure is disproportionate to the harm caused by the encroachment. Mere inconvenience and expense are not sufficient to withhold injunctive relief. The relative hardship must be disproportionate. Dobbs, *Remedies,* § 5.6 (1973).

Notwithstanding the foregoing discussion, we are compelled by this Court's prior holding in *Bishop v. Reinhold, supra,* to hold that since the encroachment and continuing trespass have been established, and since defendant is not a quasi-public entity, plaintiff is entitled as a matter of law to the relief prayed for, namely removal of the encroachment.

Accordingly, we remand this case to the Superior Court for entry of a mandatory injunction ordering defendant to remove that part of its apartment building that sits upon plaintiff's land as shown on the plat contained in the record.

Reversed and remanded.

Judge EAGLES concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I do not agree with the statement of the majority that "since defendant is not a quasi-public entity, plaintiff is entitled as a matter of law to the relief prayed for, namely removal

of the encroachment." I believe that the rule stated in *Clark v. Asheville Contracting Co., Inc.*, 316 N.C. 475, 342 S.E. 2d 832 (1986) governs. In determining whether to grant an injunction, the court must consider the relative convenience-inconvenience and the comparative injuries to the parties.