JESSICA D. FENZ, a minor, by her Guardian ad litem, JOHN B. GLADDEN, and SALLY A. FENZ, Plaintiffs v. JOHN R. DAVIS, Defendant

No. COA97-461

(Filed 17 February 1998)

1. **Appeal and Error § 209 (NCI4th)— notice of appeal— denial of new trial—underlying judgment not presented**

    A notice of appeal from an order denying a motion for a new trial which does not also specifically appeal the underlying judgment does not present the underlying judgment for review.

2. **Trial § 555 (NCI4th)—damages—motion for new trial— juror affidavit—juror misconduct not shown**

    A juror's affidavit that damages awarded to the minor plaintiff for injuries received in an automobile accident were influenced by the fact that some jurors, including himself, were of the opinion that the minor plaintiff's parents were partly at fault for the severity of her injuries because the minor plaintiff was not in a child safety seat provides no basis for a new trial on the damages issue on grounds of juror misconduct, disregard by the jury of the court's instructions, or a damage award resulting from passion or prejudice since the affidavit does not disclose that any extraneous information about the parties or the case was brought to the attention of the jurors. N.C.G.S. § 8C-1, Rule 606(b).

FENZ v. DAVIS

[128 N.C. App. 621 (1998)]

Appeal by plaintiffs from order entered 22 August 1996 by Judge John R. Parker in Dare County Superior Court. Heard in the Court of Appeals 4 December 1997.

*Joynes Marcari, P.A., by Donald W. Marcari, for plaintiff-appellants.*

*Dunn, Dunn, Stoller & Pittman, L.L.P., by Andrew D. Jones, for defendant-appellee.*

MARTIN, John C., Judge.

Plaintiffs filed this action to recover damages for injuries allegedly sustained by the minor plaintiff, Jessica Fenz, when the van in which she was a passenger was struck from the rear by a vehicle driven by defendant. Defendant admitted that he was negligent and the case proceeded to trial on the issue of damages before Judge Ragan at the 13 May 1996 civil session.

Briefly summarized, the evidence tended to show that Jessica, who was three years old at the time of the collision, was seated on the rear bench seat of the van with her two sisters; plaintiff Sally Fenz, her mother, was seated on the floor in front of the bench seat. None of the passengers in the rear of the van were restrained with seatbelts or child safety seats. Upon impact, Jessica's head was thrust forward and struck her mother's head. A CT scan and x-rays disclosed that Jessica had a bruise around her right eye, a small bruise to the frontal lobe of her brain, and a fracture of the bone above her right eye. She was hospitalized for observation for twenty-three hours. A neuropsychologist testified that Jessica had sustained permanent impairments in her frontal lobe functions. Plaintiff Sally Fenz testified that her daughter had required speech therapy and suffered from a variety of developmental and emotional difficulties, including loss of sleep, depression, and difficulty in school as a result of her injuries. It was stipulated that Jessica's medical bills totaled $6,391.35.

The jury returned a verdict on 16 May 1996 awarding Sally Fenz $6,391.35 for Jessica's medical expenses and awarding Jessica $1,500.00 for her personal injuries. Judge Ragan entered a judgment upon the verdict on 30 May 1996. In apt time, plaintiffs moved for a new trial pursuant to G.S. § 1A-1, Rule 59. The motion was heard by Judge Parker at the 19 August 1996 civil session. Judge Parker denied the motion and plaintiffs appeal.

FENZ v. DAVIS

[128 N.C. App. 621 (1998)]

I.

**[1]** The notice of appeal in this case reads as follows:

> Plaintiff, Jessica D. Fenz, a minor by her Guardian ad litem, John B. Gladden, hereby gives notice of appeal to the Court of Appeals of North Carolina from the order entered in open court on August 19, 1996 in the Superior Court of Dare County, said order being signed by the Honorable J. Richard Parker on August 22, 1996, and filed with the Clerk of Court for Dare County on August 22, 1996, the court denying plaintiff's Rule 59 motion to set aside the verdict and grant a new trial.

N.C.R. App. P. 3(d) requires that the notice of appeal specify the party taking the appeal and designate the judgment or order from which the appeal is taken. A notice of appeal from an order denying a motion for a new trial which does not also specifically appeal the underlying judgment does not present the underlying judgment for review. *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (citing *Chapparal Supply v. Bell*, 76 N.C. App. 119, 331 S.E.2d 735 (1985)). "Without proper notice of appeal, this Court acquires no jurisdiction." *Brooks, Com'r of Labor v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984). The notice of appeal filed in this case did not give proper notice of appeal from the underlying judgment entered upon the jury verdict and gives this Court jurisdiction only to review the minor child's appeal of Judge Parker's order denying plaintiffs' motion for a new trial. *Von Ramm, supra.* To the extent the record on appeal purports to assign error to the trial proceedings and to appeal from the judgment entered upon the jury verdict, such appeal must be dismissed.

II.

With respect to the appeal from Judge Parker's order denying plaintiffs' Rule 59 motion for a new trial, we first note that notice of appeal was given on 12 September 1996, and the court reporter certified that the transcript was delivered to plaintiffs on 6 December 1996. N.C.R. App. P. 11 provides for settlement of the proposed record on appeal, or service thereof on the appellee, within thirty-five days after the reporter's certification of delivery. The proposed record in this case was served on appellee's counsel on 25 March 1997, one hundred and nine days after the reporter's certification. The record on appeal does not disclose that any extensions of time were granted by the trial court. The Rules of Appellate Procedure are

mandatory and failure to comply with them subjects an appeal to dismissal. *Wiseman v. Wiseman,* 68 N.C. App. 252, 314 S.E.2d 566 (1984). The burden is upon the appellant to show that the proposed record has been served and settled in compliance with the rules. *McLeod v. Faust,* 92 N.C. App. 370, 374 S.E.2d 417 (1988). Nothing appears in the record before us to explain the delay in settling the record in this case. Nevertheless, in the exercise of our discretionary power under N.C.R. App. P. 2, we will consider the appeal.

Appellate review of an order of a trial court granting or denying a new trial pursuant to G.S. § 1A-1, Rule 59 is limited to the question of whether the record discloses a manifest abuse of discretion or that the ruling was clearly erroneous. *Worthington v. Bynum,* 305 N.C. 478, 290 S.E.2d 599 (1982); *Pinckney v. Van Damme,* 116 N.C. App. 139, 447 S.E.2d 825 (1994). " '[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.' " *Burgess v. Vestal,* 99 N.C. App. 545, 550, 393 S.E.2d 324, 327, *disc. review denied,* 327 N.C. 632, 399 S.E.2d 324 (1990) (quoting *Britt v. Allen,* 291 N.C. 630, 231 S.E.2d 607 (1977)).

**[2]** Plaintiffs' motion alleged as grounds for relief jury misconduct, G.S. § 1A-1, Rule 59(a)(2); manifest disregard by the jury of the court's instructions, G.S. § 1A-1, Rule 59(a)(5); and inadequate damages appearing to have been given under the influence of passion and prejudice, G.S. § 1A-1, Rule 59(a)(6). In support of the motion, plaintiffs offered the affidavit of a juror, who stated that some of the jurors, including himself, were of the opinion that the minor plaintiff's parents were partly at fault for the severity of her injuries because the minor plaintiff was not in a child safety seat. The juror stated:

> I considered all the evidence presented at the trial in determining the damage award in addition to my belief that the parent's (sic) were contributorily negligent in the above stated manner and I believed that a smaller monetary award for the minor child than was sought by either the plaintiffs or the defendant was appropriate.

As a general rule, a juror may not testify as to any matter which occurred during the jury's deliberation, or to the effect which anything may have had upon his mind or emotions, or that of any other juror, as influencing the verdict, or to the mental processes by which

**FENZ v. DAVIS**

[128 N.C. App. 621 (1998)]

the juror determined to assent to or dissent from the verdict. N.C. Gen. Stat. § 8C-1, Rule 606(b). However, Rule 606(b) "permits testimony by a juror as to whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." *Pinckney* at 148, 447 S.E.2d at 831.

> [E]xtraneous information is information dealing with the [parties] or the case which is being tried, which information reaches a juror without being introduced in evidence. It does not include information which a juror has gained in his experience which does not deal with the [parties] or the case being tried.

*State v. Rosier*, 322 N.C. 826, 832, 370 S.E.2d 359, 363 (1988).

The juror's affidavit in this case does not disclose that any extraneous information about the parties or the case was brought to the attention of the jurors. Information concerning the manner in which the child and her mother were seated in the van was put in evidence by plaintiffs; the effect of that evidence upon the minds, emotions, or mental processes of the jurors, based on their life experiences, is not a proper subject for juror testimony under G.S. § 8C-1, Rule 606(b). *See Berrier v. Thrift*, 107 N.C. App. 356, 420 S.E.2d 206 (1992), *disc. review denied*, 333 N.C. 254, 424 S.E.2d 918 (1993). Therefore, the juror affidavit provides no basis for a showing of juror misconduct, that the jury disregarded any instructions of the court, or that the damage award was the result of passion or prejudice.

Moreover, it does not appear the jury misunderstood the court's instructions; the award for compensatory damages for medical expenses incurred by Sally Fenz for treatment of the minor plaintiff's injuries was precisely the amount to which the parties had stipulated. Finally, we reject plaintiff's contention that the damages were so clearly inadequate as to have been the product of bias, prejudice, or compromise. Although plaintiff's neuropsychologist opined that the effects of the injury were permanent, his testimony was vigorously cross-examined and he acknowledged that he had seen her only twice and that some of the indicia of permanent injury present upon his first examination had disappeared by the time of the second examination. The jury was free to accept or reject plaintiff's evidence regarding the severity or permanency of Jessica's injuries. *See Smith v. Beasley*, 298 N.C. 798, 259 S.E.2d 907 (1979).

In summary, we hold plaintiff has not carried her heavy burden of showing a manifest abuse of discretion on Judge Parker's part in his

refusal to grant a new trial on the issue of damages in this case. His order denying plaintiffs' Rule 59 motion is affirmed.

Dismissed in part; affirmed in part.

Judges JOHN and SMITH concur.