LANNING YOUNG AND WIFE, CHARLENE YOUNG, PLAINTIFFS v. MICHAEL B. LICA
AND WIFE, CHERYL J. LICA, BARRY A. IMLER AND WIFE, DELORES IMLER,
DEFENDANTS

No. COA02-652

(Filed 4 March 2003)

**1. Appeal and Error— denial of motion for new trial—errors of law alleged—review of underlying judgment**

The Court of Appeals reviewed de novo the trial court's denial of plaintiffs' motion for a new trial under N.C.G.S. § 1A-1, Rule 59(a)(7) where the trial had been without a jury and plaintiffs alleged errors of law.

**2. Easements— expansion—improvement of road and bridge**

The trial court erred by denying plaintiffs' motion for a new trial where plaintiffs had contended that defendants' improvement of a road and bridge had enlarged an easement across plaintiffs' property, but the trial court failed to determine the location and boundaries of the easement and whether the improvements were constructed outside those boundaries.

Judge TIMMONS-GOODSON dissenting.

Appeal by plaintiffs from order entered 20 November 2001 by Judge James U. Downs in Jackson County Superior Court. Heard in the Court of Appeals 8 January 2003.

*Gary E. Kirby for plaintiffs-appellants.*

*William C. Morris, Jr. for defendants-appellees.*

TYSON, Judge.

## I. Background

Lanning Young and wife, Charlene, ("plaintiffs") own property located between State Highway 107 ("highway") and Shoal Creek in Jackson County. In 1997, Michael B. Lica and wife, Cheryl, and Barry A. Imler and wife, Delores, ("defendants") acquired property across Shoal Creek adjoining plaintiffs' property and an easement across plaintiffs' land to the highway. Defendant's deed described the easement as:

BEGINNING at the margin of State Highway No. 107, (right side of Highway going towards Sylva, N.C.) and runs near Southeast

about 90 feet to the middle of the Creek; thence about North West the same distance to the margin of said highway, and wide enough for trucks or other vehicle to travel over, which includes the present site, for use of travel only for [the predecessors-in-interest of defendants] and their heirs and assigns forever.

When defendants purchased their property, only a single lane extended from the highway to a wooden bridge that crossed Shoal Creek between plaintiffs' and defendants' property. The old bridge was approximately five feet high, between twelve and sixteen feet wide, and was "very hazardous . . . even for foot traffic".

Defendants contacted plaintiffs one time prior to construction to inform them that defendants intended to improve the old bridge. Plaintiffs, who resided out of state and visited their property infrequently, stated a desire to shift the location of the path and bridge. No further contact occurred until after defendants removed the wooden bridge and installed two corrugated steel culverts and filled in around them to create a level roadbed. The new bridge was approximately eight feet higher in elevation than the old bridge and approximately sixty feet wide, enough for two lanes. Plaintiffs made no objections while the construction was proceeding. Plaintiffs testified that they are now required to climb up and over the new road to access their property on the other side, that the view of the portion of their property on either side of the new road and bridge is restricted, and that defendants' construction removed vegetation and natural features along the creek behind their cabin.

On 2 October 1998, plaintiffs filed suit against defendants seeking a permanent injunction and damages for trespass to their property and nuisance.

After a bench trial, the trial court, on 8 June 2001, found the following in part:

(4) The description of the aforesaid right of way did not contain any limitations as to width or height, except to express that it be wide enough for trucks or other vehicle(s) [sic] to travel over.

(5) When the plaintiffs acquired their property in 1970, a little wooden bridge, in poor condition, was in place across the creek and was in the same approximate location as the current crossing which is the subject of this lawsuit.

(6) Subsequent to acquiring their property the defendants took it upon themselves to "improve" the right of way by installing two large culverts in the creek and filling around them with large boulder sized rip-rap and consequently elevating and widening the right of way to the extent that eighteen wheelers can now access the defendants' property from North Carolina Highway 107 and vehicles can actually pass on a two-way basis on the right of way.

(7) The plaintiffs have a small cabin on their property which has been diminished even more in appearance as a result of the enlargement and immensity of the defendants' right of way construction by the defendants.

The trial court concluded as follows:

(1) There is no cause of action for trespass or nuisance against the defendant[s] when they have "improved" what they were already entitled to use; to wit; easement for a road right of way.

(2) There is a cause of action for damages for compensation against the defendants for enlarging and widening the easement in question to the extent it imposes an additional burden on the plaintiffs' land and entitles the plaintiffs to additional compensation.

The trial court denied injunctive relief and ordered a trial on damages. On 2 October 2001, plaintiffs abandoned their claim for damages in order to proceed with claims for injunctive relief. On 12 October 2001, plaintiffs moved for a new trial or an amendment of judgment. The trial court denied plaintiffs' motion on 20 November 2001 and plaintiffs appealed. We reverse and remand.

## II. Issues

Plaintiffs contend the trial court erred in (1) failing to find the improvements to the easement by the defendants were trespass or nuisance and (2) failing to grant injunctive relief.

## III. Denial of Motion for New Trial or to Amend Judgment

[1] Although neither raised nor argued by either party, plaintiffs gave notice of appeal only from the denial of plaintiffs' motion for a new trial or amendment of judgment and not from the 11 June 2001 judg-

ment. Plaintiffs moved for a new trial under N.C. Gen. Stat. § 1A-1, Rule 59(a)(6) or (7) (2001) and for an amendment of judgment under N.C. Gen. Stat. § 1A-1, Rule 59(e). Rule 59(a) states:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:
>
> . . .
>
> (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;
>
> (7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;
>
> . . .
>
> On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

N.C. Gen. Stat. § 1A-1, Rule 59(a). The determination of whether to grant or deny a motion pursuant to either Rule 59(a) or Rule 59(e) is addressed to the sound discretion of the trial court. *Hamlin v. Austin*, 49 N.C. App. 196, 197, 270 S.E.2d 558, 558 (1980). "Where errors of law were committed, . . ., the trial court is required to grant a new trial." *Eason v. Barber*, 89 N.C. App. 294, 297, 365 S.E.2d 672, 674 (1988) (citing *Jacobs v. Locklear*, 310 N.C. 735, 314 S.E.2d 544 (1984)). While our standard of review under Rule 59(e) is abuse of discretion, under Rule 59(a)(7) our review is *de novo*. *Id.*

In their motion for a new trial or amendment of the judgment, plaintiffs contend that the trial court erred on a matter of law when it "entered a Judgment denying this Plaintiff the injunctive relief requested and declaring this matter instead to be a trial for damages." The trial court denied plaintiffs' motion for either a new trial or for an amendment of judgment. Defendants' timely notice of appeal provides this Court jurisdiction to review the denial of plaintiffs' motions. As plaintiffs alleged errors of law in the trial court's underlying judgment, we review the trial court's denial of the motion for a new trial under Rule 59(a)(7) under a *de novo* standard. We hold the trial court erred on matters of law.

## IV. Injunctive Relief

**[2]** Plaintiffs complained that defendants trespassed upon their land and maintained a nuisance and sought a mandatory injunction against defendants to remove the new bridge and construct another bridge similar to the old bridge. "The elements of a trespass claim are that plaintiff was in possession of the land at the time of the alleged trespass; that defendant made an unauthorized, and therefore unlawful, entry on the land; and that plaintiff was damaged by the alleged invasion of his rights of possession." *Jordan v. Foust Oil Company*, 116 N.C. App. 155, 166, 447 S.E.2d 491, 498 (1994) (citing *Matthews v. Forrest*, 235 N.C. 281, 283, 69 S.E.2d 553, 555 (1952)).

The trial court failed to determine the location and boundary of the easement and whether defendants made an unauthorized entry on plaintiffs' property. If the culverts and roadway are totally located within the boundaries of the easement, no unauthorized entry occurred. If the culverts and roadway are located outside the boundaries of the easement, defendants made an unauthorized entry onto plaintiffs' land.

The description sets a general single line for the easement and states that it is "wide enough *for trucks or other vehicle* to travel over, which includes the present site" but fails to establish the location and width of defendants' easement. (emphasis supplied).

> The description of an easement "must either be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers," but "[t]here must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land."

*King v. King*, 146 N.C. App. 442, 444-45, 552 S.E.2d 262, 264 (2001) (quoting *Thompson v. Umberger*, 221 N.C. 178, 180, 19 S.E.2d 484, 485 (1942)). The original path across plaintiffs' property when the defendants purchased their property consisted of an old single lane logging road and wooden bridge in the same general location as the new bridge and road built by defendants. The improvements defendants constructed are nearly four times wider and twice as high as the old road and bridge. Since the description of the easement is insufficient to establish its location or boundary, the burden rests on defendants to prove the nature and extent of the easement claimed.

An essential right inuring the ownership of real property is the ability to exclude others from the property. When one builds

upon another's land without permission or right, a continuing tres-
pass is committed. "[T]he usual remedy for a continuing trespass is a
permanent injunction which in this case would be a mandatory
injunction for removal of the encroachment." *Williams v. South &
South Rentals*, 82 N.C. App. 378, 383, 346 S.E.2d 665, 669 (1986)
(citing *O'Neal v. Rollinson*, 212 N.C. 83, 192 S.E. 688 (1937);
*Conrad v. Jones*, 31 N.C. App. 75, 78, 228 S.E. 2d 618, 619 (1976)).
The right of the owner to compel the trespasser to cease and desist,
or to abate the illegal entry or nuisance is well recognized. Our
Supreme Court, in reversing and remanding a grant of summary
judgment for a continuing trespass because a genuine issue of ma-
terial fact existed, recognized a balancing test in determining
whether or not to grant or deny a mandatory injunction for a
continuing trespass. It stated "we find it worthwhile to repeat the
cautionary statement of the Court of Appeals that on remand
'the court must consider the relative convenience-inconvenience
and the comparative injuries to the parties. . . . In this case some
findings of fact should be made in this regard before ordering
the removal of the material.'" *Clark v. Asheville Contracting
Co., Inc.*, 316 N.C. 475, 488, 342 S.E.2d 832, 839 (1986). In another
case decided the same year as *Clark*, this Court also recognized
this balancing test.

> We recognize that in today's economic environment with mul-
> ti-investor ownership of properties having substantial im-
> provements, there may be situations, other than the traditional
> quasi-public franchise, where sufficient public interest exists to
> make the right of abatement at the instance of an individual
> improper, and defendant should be permitted to demand that
> permanent damages be awarded. Where the encroachment is
> minimal and the cost of removing the encroachment is most
> likely substantial, two competing factors must be considered in
> fashioning a remedy. On the one hand, without court interven-
> tion, a defendant may well be forced to buy plaintiff's land at a
> price many times its worth rather than destroy the building
> that encroaches. On the other hand, *without the threat of a
> mandatory injunction, builders may view the legal remedy
> as a license to engage in private eminent domain.* The process
> of balancing the hardships and the equities is designed to elimi-
> nate either extreme. Factors to be considered are whether the
> owner acted in good faith or intentionally built on the adja-
> cent land and whether the hardship incurred in removing the
> structure is disproportionate to the harm caused by the

**YOUNG v. LICA**

[156 N.C. App. 301 (2003)]

encroachment. *Mere inconvenience and expense are not suf-ficient to withhold injunctive relief.* The relative hardship must be disproportionate.

*Williams,* 82 N.C. App. at 384, 346 S.E.2d at 669 (citing Dobbs, *Remedies,* § 5.6 (1973)) (emphasis supplied). However, in *Williams,* this Court held:

> Notwithstanding the foregoing discussion, we are compelled by this Court's prior holding in *Bishop v. Reinhold,* [66 N.C. App. 379, 311 S.E.2d 298, 310 N.C. 743, 315 S.E.2d 700 (1984),] to hold that since the encroachment and continuing trespass have been established, and since defendant is not a quasi-public entity, plaintiff is entitled as a matter of law to the relief prayed for, namely removal of the encroachment.

*Id.*

Defendants could have sought consent or mutual agreement from plaintiffs or, failing that, a judicial determination of the location and extent of their easement prior to construction. Instead, after one contact, with an out-of-state owner who visited their property infrequently, defendants undertook improvements significantly greater than upgrading the existing roadway or bridge.

The trial court found that defendants overburdened the easement. However, it failed to determine the location and width of the easement or whether the improvements were constructed outside the boundaries of the easement. The trial court must determine the location and width of the easement granted to defendants in order to determine whether defendants trespassed on plaintiffs' property or committed a nuisance.

## V. Conclusion

We hold the trial court erred in denying the motion for a new trial on the ground of errors of law. We reverse and remand for findings of fact and conclusions of law regarding the location and width of the easement. The trial court must also make a factual determination whether defendants' new construction is physically located within the boundaries of the easement and render a judgment based upon law and precedents discussed herein.

Reversed and remanded.

Judge LEVINSON concurs.

Judge TIMMONS-GOODSON dissents.

TIMMONS-GOODSON, Judge, dissenting.

Because I conclude that the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial, and because this Court does not have jurisdiction over the underlying judgment denying injunctive relief, I respectfully dissent from the majority opinion.

Rule 3 of the North Carolina Rules of Appellate Procedure provides that

> The notice of appeal required to be filed and served . . . shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be signed by counsel of record for the party or parties taking the appeal, or by any such party not represented by counsel of record.

N.C.R. App. P. 3(d) (2003). Absent proper notice of appeal, this Court does not acquire jurisdiction. *See Fenz v. Davis*, 128 N.C. App. 621, 623, 495 S.E.2d 748, 750 (1998); *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990). The jurisdictional requirements of Rule 3 may not be waived by this Court, even under the "good cause" standard set by Rule 2. *See Von Ramm*, 99 N.C. App. at 156, 392 S.E.2d at 424. It is well established that "[a] notice of appeal from an order denying a motion for a new trial which does not also specifically appeal the underlying judgment does not present the underlying judgment for review." *Fenz*, 128 N.C. App. at 623, 495 S.E.2d at 750; *Von Ramm*, 99 N.C. App. at 156, 392 S.E.2d at 424; *Chaparral Supply v. Bell*, 76 N.C. App. 119, 120, 331 S.E.2d 735, 736 (1985).

In the instant case, the notice of appeal filed by plaintiffs recites the following:

> NOW COME the Plaintiffs to give notice of appeal to the North Carolina Court of Appeals from the final Order of the Court entered on the 20th day of November, 2001 in the Superior Court of Jackson County, North Carolina.

The order entered 20 November 2001 by the trial court was the order denying plaintiffs' motion for a new trial or amendment of judgment.

The notice of appeal filed by plaintiffs did not give proper notice from the underlying judgment entered by the trial court on 11 June 2001, and this Court therefore only has jurisdiction to review the trial court's order denying plaintiffs' motion for a new trial or amendment of judgment. *See Fenz*, 128 N.C. App. at 623, 495 S.E.2d at 750. "To the extent the record on appeal purports to assign error to the trial proceedings and to appeal from the judgment entered . . . , such appeal must be dismissed." *Id.* I conclude that any purported assignments of error by plaintiffs regarding the underlying judgment are not properly before us and should not be addressed by this Court.

As to plaintiffs' appeal of the trial court's order denying their motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure, our review of such orders is strictly limited to the question of whether the record discloses a manifest abuse of discretion by the trial judge. *See Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). This Court should not disturb a discretionary Rule 59 order unless we are convinced that the ruling by the trial court amounted to a substantial miscarriage of justice. *See Burgess v. Vestal*, 99 N.C. App. 545, 550, 393 S.E.2d 324, 327, *disc. review denied*, 327 N.C. 632, 399 S.E.2d 324 (1990). Because I conclude that plaintiffs have not met their heavy burden of demonstrating manifest abuse of discretion by the trial court, I would affirm the order of the trial court denying plaintiffs' motion for a new trial.