VIRGINIA A. BASINGER v. A. MARSHALL BASINGER, II

No. 8526DC1298

(Filed 6 May 1986)

**Rules of Civil Procedure § 13— prior action pending—compulsory counterclaim**

Where the wife's prior action concerning child custody and support was pending at the time plaintiff husband filed a motion in the cause in a divorce action pertaining to child custody and support, the compulsory counterclaim provisions of N.C.G.S. § 1A-1, Rule 13(a) required dismissal of the husband's motion.

APPEAL by defendant from *Jones (William G.), Judge*. Order entered 17 October 1985 in District Court, MECKLENBURG County. Heard in the Court of Appeals 16 April 1986.

*Tucker, Hicks, Moon, Hodge & Cranford, by John E. Hodge, Jr., Fred A. Hicks and Edward P. Hausle, for plaintiff, appellee.*

*A. Marshall Basinger, II, defendant, appellant, pro se.*

HEDRICK, Chief Judge.

The record before us discloses the following: On 22 April 1983, in the case entitled *Virginia A. Basinger v. A. Marshall Basinger, II*, No. 83CVD3911, judgments were entered granting plaintiff absolute divorce from defendant and equitably distributing

marital property pursuant to G.S. 50-20. No mention was made in these judgments regarding the custody and support of any children born to the marriage between plaintiff and defendant.

On 9 September 1985, defendant filed what purports to be a motion in the cause wherein he alleged that pursuant to a separation agreement between the parties, custody of the parties' two minor children was awarded to plaintiff, and defendant agreed to pay support. Defendant also alleged that by agreement of the parties, the parties' daughter moved to the care and custody of defendant and that defendant ceased making child support payments to plaintiff. Defendant further alleged the following:

> Although the plaintiff initially agreed with this, although reluctantly, she nevertheless filed an action on July 8, 1985 in case number 85-CVD-6992, in which she asked for specific performance of the child support provisions of the initial separation agreement, alleging an arrearage of $8,900 as of the amendment to her pleadings filed on August 26, 1985. Plaintiff's position in that action is that defendant continued to be liable under the support provisions of the separation agreement even after the custody of one of the children was changed.

On 1 October 1985 plaintiff, Virginia A. Basinger, filed a motion to dismiss defendant's motion in the cause on the grounds that there was a prior pending action seeking the same relief. Plaintiff's motion was allowed.

The motion filed by defendant in this case discloses that the wife, the plaintiff herein, had commenced in the district court in Mecklenburg County, on 8 July 1985, an action with respect to the custody and support of the children. Plaintiff's action, described as case number 85-CVD-6992, was pending at the time defendant filed his motion. Our Supreme Court in *Gardner v. Gardner*, 294 N.C. 172, 240 S.E. 2d 399 (1978) held that:

> Any claim which is filed as an independent, separate action by one spouse during the pendency of a prior claim filed by the other spouse and which may be denominated a compulsory counterclaim under Rule 13(a), may not be prosecuted during the pendency of the prior action but must be dismissed with leave to file it as a counterclaim in the prior ac-

tion or stayed until final judgment has been entered in that action.

*Id.* at 181, 240 S.E. 2d at 406.

We hold the trial court properly dismissed defendant's motion.

Affirmed.

Judges WELLS and MARTIN concur.