MARY LOUISE COLEMAN v. INTERSTATE CASUALTY INSURANCE COMPANY

No. 8618SC682

(Filed 3 February 1987)

1. **Appeal and Error § 6.2— partial summary judgment—no immediate appeal**

    A partial summary judgment on the issue of liability, reserving for trial the issue of damages, is not immediately appealable.

2. **Insurance § 95.1— automobile liability insurance—notice of cancellation—failure to advise of eligibility under state plan**

    The statute requiring an insurer's notice of cancellation of automobile liability insurance to advise the insured of his possible eligibility for insurance through the N.C. Automobile Insurance Plan, N.C.G.S. 20-310(f)(5), was repealed by implication by enactment of the Reinsurance Facility Act, N.C.G.S. 58-248.26 *et seq.* Therefore, a notice of cancellation which did not so advise the insured was valid where it was mailed to the insured after the N.C. Automobile Insurance Plan had been terminated pursuant to N.C.G.S. 58-248.40.

APPEAL by defendant from *Wood, Judge*. Judgment filed 1 May 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 December 1986.

Defendant appeals from partial summary judgment for plaintiff in an insurance cancellation case.

*Carruthers & Roth, P.A., by Arthur A. Vreeland for defendant-appellant.*

*W. Steven Allen for plaintiff-appellee.*

GREENE, Judge.

Plaintiff sought to secure automobile liability insurance by paying only $108.00 of a $300.00 premium. The defendant insurance company demanded the additional premium payment of $192.00. When the insurance company did not receive the additional premium, it mailed to plaintiff a form styled "Notice of Cancellation or Refusal to Renew" on 7 January 1985. Plaintiff received the notice which stated the insurance would be cancelled for nonpayment on 24 January 1985. Plaintiff did not pay the additional $192.00. On 26 February 1985, plaintiff's automobile was involved in an accident. Defendant denied coverage of any resulting damages. Plaintiff filed a complaint for damages which requested the court find plaintiff's insurance policy was not properly cancelled.

Defendant mailed plaintiff the disputed notice pursuant to the notice requirements of N.C. Gen. Stat. Sec. 20-310(f). At the time of this action, Section 20-310(f)(5) stated in part:

> Either in the notice or in an accompanying statement [the notice shall] advise the insured of his possible eligibility for insurance through the North Carolina Automobile Insurance Plan [hereinafter, the "Plan"]. . . .

The notice defendant mailed plaintiff did not advise plaintiff of the Plan as then required by Section 20-310(f)(5). In 1973, the Legislature enacted N.C. Gen. Stat. Sec. 58-248.26 *et seq.* (hereinafter, the "Reinsurance Facility Act" or "Act") which established what is now called the "North Carolina Motor Vehicle Reinsurance Facility." As the purpose of both the Plan and the Reinsurance Facility Act was remedying the problem of reinsuring

problem drivers, the Legislature intended that the Act supersede
the Plan:

> The Commissioner of Insurance is authorized and direct-
> ed to terminate the [Plan] established pursuant to G.S.
> 20-279.34 when it appears to his satisfaction that the Facility
> herein established is fully operational and when the policies
> issued under the prior Plan have expired.

N.C. Gen. Stat. Sec. 58-248.40.

According to defendant's uncontroverted affidavits from
state insurance officials, the Plan was terminated pursuant to Sec-
tion 58-248.40 since the Plan had been completely inactive since 9
October 1973 and since no policies under the Plan existed after 9
October 1974. Upon defendant's motion for summary judgment,
the trial court entered summary judgment for plaintiff as it con-
cluded plaintiff's insurance policy was in force at the time of the
accident. Defendant appeals.

There are only two issues for review: (1) Is the order allow-
ing summary judgment for plaintiff appealable? (2) Was the de-
fendant's cancellation notice valid?

I

[1] The trial court's order did not address the issue of damages
nor was there a subsequent trial of the issue. Accordingly, the
order of summary judgment was a partial summary judgment.
N.C. Gen. Stat. Sec. 1A-1, Rule 56(c). A partial summary judgment
on the issue of liability, reserving for trial the issue of damages,
is not immediately appealable. *See Tridyn Ind. Inc. v. American
Mut. Ins. Co.*, 296 N.C. 486, 488-93, 251 S.E. 2d 443, 445-48 (1979);
*Smith v. Watson*, 71 N.C. App. 351, 354, 322 S.E. 2d 588, 590, *disc.
review denied*, 313 N.C. 509, 329 S.E. 2d 394 (1985).

Nevertheless, we have elected in our discretion to treat the
purported appeal as a petition for writ of certiorari and proceed
to address the merits. N.C. Gen. Stat. Sec. 7A-32(c); N.C.R. App.
P. 21(a); *see Industrotech Constructors, Inc. v. Duke Univ.*, 67
N.C. App. 741, 742-43, 314 S.E. 2d 272, 274 (1984); *Ziglar v. E. I.
DuPont De Nemours & Co.*, 53 N.C. App. 147, 149, 280 S.E. 2d
510, 512, *disc. review denied*, 304 N.C. 393, 285 S.E. 2d 838 (1981).

## II

[2]   At the time of this dispute, Section 20-310(f)(5) required the defendant advise the insured of her "possible eligibility for insurance through the [Plan]" in order to give proper notice of cancellation. The affidavits before the trial court showed the Commissioner of Insurance had terminated the Plan no later than 1974 pursuant to Section 58-248.40. In short, there was no Plan at the time of this dispute.

In order to cancel the policy properly under Section 20-310(f), plaintiff argues Section 20-310(f)(5) required the insurance company advise plaintiff of her "possible eligibility" under the admittedly defunct Plan. While the Legislature effectively abolished the Plan with passage of the Reinsurance Facility Act, notification of the Plan under Section 20-310(f)(5) was not specifically repealed until 1985. 1985 Sess. L., c. 666, s. 67. Since the Legislature repealed the former Plan system, we hold Section 20-310(f)(5) was also thereby repealed by implication to the extent it required notification of the defunct Plan.

As the statutory enactment of the Reinsurance Facility Act conflicted with the prior requirement that insureds be advised of the Plan, we must ascertain the Legislature's intent. Statutes which treat the same subjects, although enacted at different times, must be read together in order to ascertain legislative intent. See Carver v. Carver, 310 N.C. 669, 674, 314 S.E. 2d 739, 742 (1984). Both the notice provisions of Section 20-310(f)(5) and the Reinsurance Facility Act concern reinsurance for drivers.

However, though the statutes in question are themselves plain and unambiguous, when construed together they are irreconcilable in purpose and effect. Under the former scheme, "poor risk" drivers applied directly to the Plan for involuntary assignment to an insurer. Under the new scheme, all drivers apply directly to the insurer who must then provide insurance to all applicants; the insurer may, however, cede the risk to the Reinsurance Facility. N.C. Gen. Stat. Sec. 58-248.31; see generally State ex rel. Hunt v. N.C. Reinsurance Facility, 302 N.C. 274, 283, 275 S.E. 2d 399, 402 (1981). If the two schemes co-exist, the effect is an inescapable dilemma for the defendant insurer: Section 20-310(f)(1) requires each insurance cancellation be in a form approved by the Commissioner of Insurance. The Commissioner ap-

proved forms under the new scheme without reference to the Plan. Thus, if defendant notified plaintiff of the Plan, it would violate the requirement that the approved form be used; if, as it did, defendant used the approved form, it then fails to give notice of the Plan.

Where two statutes are necessarily and irreconcilably in conflict, the courts of this state presume the Legislature intended that the latter statute repeal the former statute, even without a specific repealing clause. *See State ex rel. Com'r of Ins. v. N.C. Fire Ins. Ratings Bureau,* 29 N.C. App. 237, 246 (waiver of hearings deemed repealed by later mandate of public hearing), *aff'd on other grounds,* 291 N.C. 55, 229 S.E. 2d 268 (1968); *see also State v. Greer,* 308 N.C. 515, 518, 302 S.E. 2d 774, 777 (1983); *Chrysler Credit Corp. v. Burton,* 599 F. Supp. 1313, 1317 (M.D.N.C. 1984).

Insofar as it required reference to the Plan, N.C. Gen. Stat. Sec. 20-310(f)(5) is irreconcilably and necessarily in conflict with the Reinsurance Facility Act. We therefore hold the latter Act operated to repeal by implication that portion of Section 20-310 (f)(5) requiring notice of the defunct Plan.

### III

The trial court's entry of summary judgment for plaintiff is reversed and the case remanded with directions that summary judgment be entered for the defendant.

Reversed and remanded.

Judge JOHNSON concurs.

Chief Judge HEDRICK concurs in the result.