WILLIAM ALAN LOVE, GUARDIAN AD LITEM FOR CHRISTINE AMELIA LOVE, AND DAVID ALEXANDER LOVE, MINORS; SHARON ELSIE LOVE AND HUSBAND, WILLIAM ALAN LOVE, PLAINTIFFS v. CLARENCE SINGLETON AND JANICE MARIE SINGLETON, DEFENDANTS

No. COA00-631

(Filed 7 August 2001)

**Motor Vehicles— negligence—left turn at stoplight**

The trial court erred in an automobile accident case by granting summary judgment for plaintiff on the issue of liability where a reasonable juror could have found that plaintiff-Love was contributorily negligent in proceeding into an intersection without keeping a proper lookout, and that defendant-Clarence Singleton proceeded with due care in making his left turn in that the sun was in his eyes, the stoplight was yellow, and plaintiffs' van was at least 20 feet from the intersection. Even if Love had the benefit of a green light, which is in dispute, she had an obligation to maintain a proper lookout and should not have relied blindly on the green light.

Appeal by defendants from partial summary judgment filed 20 March 2000 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 April 2001.

LOVE v. SINGLETON

[145 N.C. App. 488 (2001)]

*DeVore, Acton & Stafford, P.A., by Fred W. DeVore, III, for plaintiff-appellees.*

*Golding Holden Cosper Pope & Baker, L.L.P., by Tricia Morvan Derr and C. Byron Holden, for defendant-appellants.*

GREENE, Judge.

Clarence Singleton (C. Singleton) and Janice Marie Singleton (J. Singleton) (collectively, Defendants) appeal a judgment filed 20 March 2000 granting partial summary judgment in favor of William Alan Love, guardian *ad litem* for Christine Amelia Love and David Alexander Love, Sharon Elsie Love (Love), and husband, William Alan Love (collectively, Plaintiffs).

Plaintiffs filed a complaint against Defendants on 18 February 1998, alleging negligence, loss of consortium, and property damage as a result of an accident occurring between C. Singleton and Love. Defendants filed an answer and counterclaim denying Plaintiffs' claims for relief, alleging Love was contributorily negligent, and counterclaiming for contribution.[1] On 7 February 2000, Plaintiffs filed a motion for summary judgment and submitted deposition excerpts of various witnesses. Defendants, in response, placed the full deposition of Love in the trial court file.

The deposition testimony of Charles Dwayne Stephens (Stephens) reveals that between 7:00 a.m. and 7:15 a.m. on 7 January 1998, his vehicle was stopped behind C. Singleton's vehicle on W.T. Harris Boulevard (Harris Blvd.) in Charlotte, North Carolina. C. Singleton, along with other drivers preparing to make a left turn onto Robinson Church Road from Harris Blvd., had to yield to those drivers traveling in a northerly direction on Harris Blvd. Stephens testified he saw C. Singleton's vehicle come to a complete stop at the intersection and that the sunlight may have impaired C. Singleton's vision. Love's van was traveling in a northerly direction in the left lane of Harris Blvd., and as she approached the intersection of Harris Blvd. and Robinson Church Road, the stoplight changed from green to yellow. Love's van, traveling "about forty miles an hour," was approximately twenty feet away from C. Singleton's vehicle as he began making the left turn onto Robinson Church Road.

---

1. In the event Defendants were found negligent and Love was found contributorily negligent, Defendants sought contribution from Love for any damages suffered by Christine and David Love.

As C. Singleton's vehicle entered the intersection, it collided with Love's van. Stephens did not hear anyone blow the horn on their vehicle and only heard Love's tires and brakes squeal immediately before impact.

In Love's deposition, she testified she was traveling approximately 35 miles per hour as she approached the Harris Blvd. and Robinson Church Road intersection. As she approached the "stop line," approximately "one car length before the stop line," Love saw the stoplight was green and also saw C. Singleton's vehicle "start to move up" and realized C. Singleton was "going to continue moving." Love specifically recalled taking her "foot off the accelerator, check[ing] the light, [and] verif[ying] that it was green before [she] was going to proceed through the intersection." When she realized C. Singleton was not going to stop and as his vehicle was directly in front of her van, Love applied her brakes at the time she was near the stop line.

In his deposition, C. Singleton testified that on 7 January 1998, he was driving the vehicle of J. Singleton, his daughter. As C. Singleton proceeded into the intersection to make his left turn, the light in his direction of travel was yellow. Upon collision with Love's van, the vehicle C. Singleton was driving suffered damage to the passenger door and the front end of the vehicle.

Ervin Anderson, Jr. (Anderson), a passenger in C. Singleton's vehicle at the time of the accident, testified he "spotted" Love's van "[r]ight when [C. Singleton] made the turn into the intersection." At the time of the impact, Love's van was traveling "[a]bout 30, about 35, 40 [miles per hour]." Anderson could not say how long he saw the van before the impact because "when [he] saw the van[, he] started grabbing . . . onto the dashboard when [he] saw the impact coming." According to Anderson, C. Singleton's vehicle was traveling approximately five or eight miles an hour at the time of the impact, and he failed to notice any indication of Love's attempt to stop her van.

On 20 March 2000, the trial court determined "there [was] no genuine issue as to any material fact and that [Plaintiffs were] entitled to a partial judgment as a matter of law on the issue of liability." The trial court then granted Plaintiffs' motion for summary judgment on the issue of liability, and it dismissed Defendants' counterclaim. The trial court further ordered the issue of damages be tried by a jury. On 1 May 2000, Plaintiffs filed an objection to Defendants' proposed record on appeal. After a hearing on Plaintiffs' objection, the trial

court filed an order settling the record on appeal ordering that only a portion of Love's deposition be included in the record on appeal because, at the summary judgment hearing, it had only considered that portion offered by Plaintiffs.

---

The dispositive issue is whether the evidence in this case supports a judgment as a matter of law for Plaintiffs on C. Singleton's negligence and Love's contributory negligence.

We first note the trial court's order did not address the issue of damages and, specifically, it ordered that the issue of damages be tried by a jury. This appeal is, thus, interlocutory and subject to dismissal. *Coleman v. Interstate Casualty Ins. Co.*, 84 N.C. App. 268, 270, 352 S.E.2d 249, 251 (1987) ("[a] partial summary judgment on the issue of liability, reserving for trial the issue of damages, is not immediately appealable"). We, nevertheless, elect to treat the purported appeal as a petition for writ of certiorari and address the merits. *See id.* at 270, 352 S.E.2d at 251; *see also* N.C.R. App. P. 21(a).

Defendants argue the trial court erred in granting summary judgment for Plaintiffs because Plaintiffs were not entitled to judgment as a matter of law. We agree.

A motion for summary judgment is properly granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1999). In ruling on a motion for summary judgment, the trial court is required to view the evidence in the light most favorable to the non-moving party. *Wrenn v. Byrd*, 120 N.C. App. 761, 763, 464 S.E.2d 89, 90 (1995), *disc. review denied*, 342 N.C. 666, 467 S.E.2d 738 (1996).

In order to prevail on a claim of negligence, the plaintiff must establish the defendant owed her a duty of reasonable care, that the defendant breached this duty, and that such breach was the proximate cause of the plaintiff's injuries. *See Thompson v. Bradley*, —— N.C. App. ——, ——, 544 S.E.2d 258, 261 (2001). Contributory negligence, however, will act as a complete bar to a plaintiff's recovery. *Id.* Contributory negligence occurs when a plaintiff fails "to exercise due care for his or her own safety, such that the plaintiff's failure to exercise due care is a proximate cause of his or her injury." *Id.* Summary judgment is rarely appropriate in cases of negligence or contributory

**LOVE v. SINGLETON**

[145 N.C. App. 488 (2001)]

negligence, except in exceptional cases, because the reasonable care standard should be applied by a jury. *Id.*

## C. *Singleton's negligence*

In this case, viewing the evidence in the light most favorable to Defendants, the non-moving party, the evidence does not support a conclusion that C. Singleton was negligent as a matter of law: The sun was in his eyes, the light was yellow, and Love's van was at least 20 feet away from the intersection. *See Robinson v. McMahan*, 11 N.C. App. 275, 280, 181 S.E.2d 147, 150 (in determining whether drivers exercised reasonable care, must consider circumstances surrounding them, including fog), *cert. denied*, 279 N.C. 395, 183 S.E.2d 243 (1971). Thus, a reasonable juror could conclude that C. Singleton proceeded with due care in making the turn onto Robinson Church Road.

## *Love's contributory negligence*

Moreover, viewing the evidence in the light most favorable to Defendants, a reasonable juror could conclude that Love was contributorily negligent by proceeding into the intersection without keeping a proper lookout and, thus, she was not entitled to a judgment as a matter of law on this issue. Love did not notice C. Singleton's vehicle until she was about one car length away from the "stop line" despite the physical evidence raising an issue as to whether C. Singleton's vehicle was already beginning to make its turn and was in Love's lane of travel when she was 20 feet away from the intersection.[2] Even if Love had the benefit of a green light, which is in dispute, she nonetheless had the obligation to maintain a proper lookout and should not have relied blindly on the green light. *See Seaman v. McQueen*, 51 N.C. App. 500, 503-04, 277 S.E.2d 118, 120 (1981) (although a driver may proceed on a green light, she should not rely blindly on the green light, but should exercise due care as to others in the intersection and should keep a proper lookout). Accordingly, the trial court erred in granting Plaintiffs' motion for summary judgment.

Reversed and remanded.

Judges McGEE and CAMPBELL concur.

---

2. The physical evidence shows that C. Singleton's vehicle was damaged on the front passenger side and front end of the vehicle.