JOYCE CAMERON, Plaintiff v. GREGORY CANADY, Defendant

No. COA02-573

(Filed 1 April 2003)

**Premises Liability— contributory negligence—fall on stairs— j.n.o.v.**

Contributory negligence is generally for the jury and the trial court erred by granting plaintiff's motions for a new trial and judgment notwithstanding the verdict after the jury found plaintiff contributorily negligent in her fall on defendant's garage stairs. There was evidence that plaintiff had both hands occupied by a rolodex and bank bag, had suffered from inner ear problems for years, and did not trip on the steps but fell when her leg gave way after she reached the garage.

Judge TIMMONS-GOODSON dissenting.

Appeal by defendant from judgment entered 7 December 2001 by Judge James F. Ammons, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 29 January 2003.

*Musselwhite, Musselwhite, Musselwhite & Branch, by W. Edward Musselwhite, Jr., for plaintiff-appellee.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Steven C. Lawrence, for defendant-appellant.*

LEVINSON, Judge.

Plaintiff's complaint alleged she sustained physical injury when she "slipped and fell" on defendant's garage stairs, which she alleges were negligently maintained in dangerous condition. Defendant asserted plaintiff was contributorily negligent in failing to keep a reasonable lookout and in failing to use proper care in exiting defendant's garage.

The case was tried, and a jury returned a verdict finding (1) plaintiff was injured by the negligence of defendant, and (2) plaintiff, by her own negligence, contributed to her injuries. Therefore, the plaintiff was barred from recovering damages against defendant. *See Love v. Singleton*, 145 N.C. App. 488, 550 S.E.2d 549 (2001).

Subsequently, plaintiff filed motions for judgment notwithstanding the verdict and for a new trial. The trial court granted plaintiff's motions concluding in pertinent part:

1. That there was no evidence before the Court that the Plaintiff failed to keep a proper lookout or was otherwise contributorily negligent in her fall.

. . . .

3. That the fact that the Plaintiff fell, in and of itself, is not adequate for submission of the issue of contributory negligence to the jury and contributory negligence cannot be presumed from the mere fact that the Plaintiff fell.

4. That this Court erred in failing to direct a verdict in favor of the Plaintiff on the issue of contributory negligence at the conclusion of the evidence and in submitting the issue of contributory negligence to the jury over Plaintiff's objection.

5. That such error was prejudicial and Plaintiff is entitled to a new trial.

Defendant contends the trial court erred in granting plaintiff's motion for judgment notwithstanding the verdict and a new trial. Specifically, he argues there was sufficient evidence to present the issue of plaintiff's contributory negligence to the jury.

A motion for a new trial under Rule 59(a) is left to the sound discretion of the trial court. N.C.G.S. § 1A-1, Rule 59(a) (2001); *Hamlin v. Austin*, 49 N.C. App. 196, 270 S.E.2d 558 (1980). However, where the trial court commits an error of law, we review that decision *de novo*. *Eason v. Barber*, 89 N.C. App. 294, 365 S.E.2d 672 (1988) (citing *Jacobs v. Locklear*, 310 N.C. 735, 736-37, 314 S.E.2d 544, 545 (1984)). Because defendant assigned as error the trial court's determination that as a matter of law there was insufficient evidence upon which to submit the issue of contributory negligence to the jury, we review that determination *de novo*. *Id.*

Contributory negligence acts as a complete bar to a plaintiff's recovery and is:

> the breach of the duty of the plaintiff to exercise due care for his own safety in respect of the occurrence about which he complains, and if his failure to exercise due care for his own safety is one of the proximate contributing causes of his injury, it will bar recovery.

*Champs Convenience Stores v. United Chemical Co.*, 329 N.C. 446, 455, 406 S.E.2d 856, 861 (1991) (quoting *Holderfield v. Rummage Brothers Trucking Co.*, 232 N.C. 623, 625, 61 S.E.2d 904, 906 (1950)). The issue of contributory negligence is generally one for the jury, not to be decided as a matter of law. *Id.* at 456, 406 S.E.2d at 862.

Here, contributory negligence was submitted to the jury, and it found for defendant on that issue. Defendant presented evidence that plaintiff (1) had both hands occupied by her rolodex and her bank bag; (2) admitted to her doctor that she had suffered from "inner ear problems for years"; and (3) did not trip on defendant's steps but only fell after she reached the garage and her leg gave way. Viewing the evidence in the light most favorable to defendant and giving him the benefit of every reasonable inference, we find there were sufficient issues concerning contributory negligence that it was properly left to the jury. *See West v. Slick*, 313 N.C. 33, 326 S.E.2d 601 (1985); *Cook v. Wake County Hospital System*, 125 N.C. App. 618, 482 S.E.2d 546 (1997). Therefore, as a matter of law, the trial court erred in granting plaintiff's motions for judgment notwithstanding the verdict and for a new trial. *Jacobs*, 310 N.C. at 736-37, 314 S.E.2d at 545. The trial court's grant of judgment notwithstanding the verdict and for a new trial are reversed, and we remand for entry of judgment on the jury verdict.

Reversed and Remanded.

Judge TIMMONS-GOODSON dissents.

Judge TYSON concurs.

TIMMONS-GOODSON, Judge, dissenting.

Because I conclude that the trial court properly determined that there was no evidence that plaintiff "failed to keep a proper lookout

or was otherwise contributorily negligent in her fall," I respectfully dissent.

The majority opinion cites the following facts in support of its conclusion that there was evidence from which a reasonable jury could find that plaintiff contributed to her own injury: (1) plaintiff was holding a Rolodex-brand desktop rotary file in one hand and a "bank bag" in her other hand when she fell; (2) plaintiff had informed her physician that she "suffered from inner ear problems for years;" and (3) plaintiff did not fall on defendant's steps. The majority fails to explain how these facts, standing alone, support a finding of contributory negligence, nor is such an explanation obvious. There was no evidence, for example, that the fact that plaintiff was holding a bag and a rotary file caused her to become imbalanced. There was no evidence concerning the size or weight of these items, nor was there any evidence that plaintiff's attention was diverted by these items. Further, there was no evidence that plaintiff could have prevented or stopped her fall by, for instance, holding onto a handrail, had her hands not been occupied. In fact, the evidence showed that defendant's steps had no handrail.

Plaintiff's statement to her physician one year after her accident that she "had inner ear problems for years" likewise provides no basis for a finding of contributory negligence. Plaintiff specifically denied that these "inner ear problems" had ever affected her balance, and defendant presented no evidence to the contrary. Nor was there any evidence that plaintiff was suffering from an inner ear problem the day of the incident.

Finally, the majority contends that, because defendant testified that plaintiff did not fall on the steps, but only after having reached the floor of the garage when her "knee gave way," a reasonable jury could find that plaintiff was contributorily negligent. This statement is illogical, however, given the fact that the jury found defendant negligent. The only evidence of defendant's negligence presented at trial, and the only possible basis for the jury's finding of negligence on defendant's part, was the evidence tending to show that defendant's brick steps violated applicable building code requirements and otherwise constituted a hidden and dangerous condition. Thus, if the jury believed defendant's testimony that plaintiff did not fall on the steps, but only after having reached the floor of the garage, there would have been no basis upon which to find defendant negligent. Defendant's testimony regarding the location of plaintiff's fall did not demonstrate that plaintiff failed to keep a proper lookout; rather, it

was evidence of a factual dispute properly and necessarily resolved by the jury in plaintiff's favor.

Because there was no evidence that plaintiff failed to act as a reasonably prudent person regarding her own safety, I conclude that the trial court properly determined that it erred in submitting the issue of contributory negligence to the jury. *See Jacobs v. Locklear*, 310 N.C. 735, 736-37, 314 S.E.2d 545, 545 (1985) (holding that where there is no evidence of contributory negligence, the trial court errs in submitting the issue to the jury). I would therefore affirm the judgment of the trial court.