TYSON, Judge.
Kimberly Lynch Wilkerson ("plaintiff") appeals from an order denying her motion for relief of judgment. We vacate the order and remand to the trial court.
I. Background
Plaintiff filed a complaint for divorce and determination of child custody against Jackie Carnell Wilkerson ("defendant") on 23 March 2001. The parties appeared in district court on 14 June 2001. After the hearing, the trial court pronounced an oral judgment that the parties were divorced and determined child custody. A written order reflecting the trial court's rendered judgment was not entered at that time.
The parties reconciled almost immediately after the hearing. On 29 July 2002, the trial court entered an order dismissing all pending actions due to the reconciliation. The parties separated again approximately five months after entry of the dismissal order.
On 24 February 2003, plaintiff filed a new complaint seeking divorce, child custody, alimony, and equitable distribution. On 28 February 2003, the trial court granted plaintiff an absolute divorce, but awarded defendant primary custody of the minor children.
The trial court entered a judgment prepared from the 14 June 2001 proceedings. The judgment reflects it was "entered in open court the 14th day of June, 2001 and signed this 28th day of February, 2003, nunc pro tunc to June 14th, 2001." Plaintiff timely filed a motion for relief from judgment pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure on 6 March 2003. The trial court denied plaintiff's motion on the grounds that the oral judgment of 14 June 2001 resolved the issues of custody and divorce. The trial court's order denying plaintiff's motion states:
On June 14, 2001 the matter of custody, child support and absolute divorce were heard by this Court. This Court's Judgment . . . was announced in open court on June 14, 2001. A Judgment reflecting the June 14, 2001 decision of this court was filed February 28, 2003. On September 26, 2002 Judge Mark Powell dismissed all pending issues in this action. The Defendant's claim for equitable distribution of marital property was the only pending issue in this action on that date and therefore the only issue dismissed.
Plaintiff appeals.
II. Issue
The sole issue on appeal is whether the trial court erred in denying plaintiff's motion for relief from judgment because the 28 February 2003 judgment was void and a nullity as a matter of law.
III. Motion for Relief of Judgment
Plaintiff argues the trial court erred in denying her motion for relief of judgment because the court lacked jurisdiction to enter the 28 February 2003 judgment. She asserts all pending claims in the original action had been dismissed prior to the entry of judgment.
Our review of a motion under Rule 60(b) of the North Carolina Rules of Civil Procedure is limited to whether the trial court abused its discretion in granting or denying the motion, Sink v. Easter, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975), or whether an error of law occurred, which we review de novo. Cameron v. Canady, 157 N.C. App. 132, 133, 577 S.E.2d 700, 701 (2003) (citing Eason v. Barber, 89 N.C. App. 294, 365 S.E.2d 672 (1988) (citing Jacobs v. Locklear, 310 N.C. 735, 736-37, 314 S.E.2d 544, 545 (1984))).
Rule 60(b)(4) states that a trial court may relieve a party of final judgment if the judgment is void. N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2003). "A judgment is void only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." Burton v. Blanton, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992) (citing In re Brown, 23 N.C. App. 109, 208 S.E.2d 282(1974)). Rule 58 of the North Carolina Rules of Civil Procedure provides that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2003). The 28 February 2003 judgment reflected the trial court's 14 June 2001 oral rendition of judgment. The 28 February 2003 written judgment, which purported to relate back to 14 June 2001, was not entered until after the original complaint had been dismissed on 29 July 2002. "An announcement of judgment in open court constitutes the rendition of judgment, not its entry. Rendition of judgment merely marks the beginning of the time during which a party may give timely notice of appeal." Searles v. Searles, 100 N.C. App. 723, 726, 398 S.E.2d 55, 56 (1990) (internal citations omitted). The 14 June 2001 rendition of judgment "was of no effect absent an entry of judgment." Bumgardner v. Bumgardner, 113 N.C. App. 314, 321, 438 S.E.2d 471, 475 (1994). The trial court's oral rendition was not entered as a written order until after the original complaint had been dismissed. Without entry of a written judgment, the issues of child custody and divorce were "pending" when the trial court dismissed all "pending" issues in the case on 29 July 2002. The 28 February 2003 judgment on the merits of plaintiff's claims was entered after plaintiff's claims had been dismissed and is void. The trial court erred in determining that the 14 June 2001 rendering of judgment resolved all pending issues with the exception of the equitable distribution claim.
IV. Conclusion
The trial court erred in denying plaintiff's motion for relief from judgment. This order is vacated, and this cause is remanded to the trial court for a hearing on the issues of child custody, divorce, alimony, and equitable distribution asserted in plaintiff's 24 February 2003 complaint.
Vacated and remanded.
Judges HUDSON and BRYANT concur.
Report per Rule 30(e).