TYSON, Judge.
Kimberly Wilkerson ("plaintiff") appeals from a judgment that awarded Jackie Wilkerson ("defendant") the primary care, custody, and control of the parties' minor children and granted plaintiff visitation rights. We vacate the trial court's judgment.
I. Background
Plaintiff originally filed a complaint on 23 March 2001 (01 CVD 264). Although the trial court conducted a hearing on 14 June 2001, judgment was not entered until 28 February 2003, four days after plaintiff filed the complaint at bar (03 CVD 214). On 21 September 2004, this Court filed an unpublished opinion holding that the judgment entered 28 February 2003 was void. Wilkerson v. Wilkerson, ___ N.C. App. ___, 603 S.E.2d 408 (2004) (unpublishedopinion) ("Wilkerson I"). The matter was remanded "to the trial court for a hearing on the issues of child custody, divorce, alimony, and equitable distribution asserted in plaintiff's 24 February 2003 complaint [03 CVD 214]," which is the action at bar. Id.
II. Void Judgment
The judgment before us, entered 7 August 2003, is based on the finding of fact that the parties "separated December 12, 1999 and were divorced June 14, 2001 in Rutherford County File No. 01 CVD 260 [sic]." As referenced in our prior opinion, the file number was 01 CVD 264, and we conclude the trial court's error in failing to identify the proper file number was based on the judge's oversight. In Wilkerson I, the facts showed, "[t]he parties reconciled almost immediately after the [14 June 2001] hearing." Id. The trial court's finding of separation here is not supported by the record at bar or the prior case. Further, our opinion in Wilkerson I vacated the trial court's judgment for divorce and child custody, which resulted in the parties remaining legally married.
In addition to the error in the trial court's finding of separation, the judgment at bar is fundamentally flawed by finding the parties were "divorced June 14, 2001." Further, the trial court erred by asserting jurisdiction based on this finding. See Basinger v. Basinger, 80 N.C. App. 554, 555, 342 S.E.2d 549, 550 (1986) (affirming dismissal of "defendant's motion in the cause on the grounds that there was a prior pending action seeking the samerelief"); Dixon v. Dixon, 67 N.C. App. 73, 75-76, 312 S.E.2d 669, 671 (1984) (vacating child custody order because "important findings of fact are unsupported by the evidence").
The trial court's order here "assume[s] jurisdiction to determine custody" of the minor children based upon N.C. Gen. Stat. § 50-13.5©), which is contained in the chapter in the General Statutes on "Divorce and Alimony," and N.C. Gen. Stat. § 50A-3. Our General Assembly repealed N.C. Gen. Stat. § 50A-3 effective 1 October 1999 and "applicable to causes of action arising on or after that date." 1999 N.C. Sess. Laws. c. 223, § 1(a). Although N.C. Gen. Stat. § 50A-3 was recodified as N.C. Gen Stat. § 50A-201, the trial court erred by entering a judgment on 7 August 2003 that asserted jurisdiction pursuant to a repealed statute.
III. Conclusion
The trial court's judgment asserts jurisdiction under a divorce judgment that was declared void by this Court. Our mandate in Wilkerson I ordered the trial court to conduct a hearing on the issues asserted in plaintiff's complaint. The judgment appealed from is vacated, and this Court's earlier mandate set forth in Wilkerson I remains unchanged.
Vacated.
Judges TIMMONS-GOODSON and GEER concur.
Report per Rule 30(e).