THOMAS G. POTTLE AND WIFE, MARY E. POTTLE; AND SNUG HARBOR SOUTH, LLC, PLAINTIFFS v. CHARLES DAVID LINK AND GENE WILLETS, DEFENDANTS

No. COA07-359

(Filed 18 December 2007)

**Easements— statute of limitations—injury to incorporeal hereditament**

A dispute which alleged obstructions on easements providing access to lots involved an injury to an incorporeal hereditament rather than a continuous trespass or a prescriptive easement to property held in fee, and the six-year statute of limitations of N.C.G.S. § 1-50(a)(3) is applicable. Two of the alleged encroachments did not violate the limitations period but involved an issue of fact as to whether actual encroachment occurred. Those issues were preserved for the jury; the remainder were remanded for entry of summary judgment for defendants.

Appeal by Defendants from order entered 21 August 2006 by Judge Benjamin G. Alford in New Hanover County Superior Court. Heard in the Court of Appeals 17 October 2007.

*Ward and Smith, P.A., by Ryal W. Tayloe, for Plaintiffs-Appellees.*

*Smith Moore LLP, by Sidney S. Eagles, Jr. and Elizabeth Brooks Scherer; and Law Offices of G. Grady Richardson, Jr., P.C., by G. Grady Richardson, Jr., for Defendants-Appellants.*

ARROWOOD, Judge.

Thomas G. Pottle and his wife, Mary E. Pottle, own Tract 6 of Cedar Island, in New Hanover County, North Carolina, and Snug Harbor South, LLC, a North Carolina limited liability company, owns Tract 4 of Cedar Island (together, Plaintiffs). Plaintiffs' Tract 6 and Tract 4 are adjoining properties on Cedar Island, and both are the owners of two easements, allegedly thirty feet in width, which allow ingress to and egress from the public road to Tracts 6 and 4 and other lots comprising Cedar Island. Charles D. Link (Defendant Link) owns Tract 3 on Cedar Island, and Gene Willets (Defendant Willets) owns Tract 5, which are properties adjacent to Plaintiffs' properties and are the servient lots over which the aforementioned thirty-foot easements run.

In the summer of 1994, approximately eleven years before the commencement of Plaintiffs' action, Defendant Link planted several oak, cypress, holly, and cedar trees on Tract 3. In autumn of 1996, Defendant Link planted two additional oak trees, replacing two trees that had been destroyed by hurricanes. Thereafter, Defendant Link maintained the trees by installing an irrigation drip line and planting other vegetation on Tract 3. In the summer of 2004, Defendant Willets installed a post and rope fence on Tract 5, and in 2005, Defendant Link also constructed a fence on Tract 3. Plaintiffs alleged that all of the aforementioned landscaping encroached onto their thirty-foot easement.

Plaintiffs initially filed a complaint on 8 February 2005, and Defendant Link filed motions and an answer on 13 April 2005. Plaintiffs then filed an amended complaint on 8 September 2005, adding Defendant Willets, and alleging that "[t]rees, shrubs, and other vegetation have grown up on [Defendant Link's] property . . . within and over the thirty foot easement area[,]" which "impede vehicular traffic, especially large vehicles such as delivery trucks, moving vans, and emergency vehicles." Plaintiffs further alleged that Defendant Willets "placed a post and rope fence on the property . . . lying within and over the thirty foot easement area[.]" The amended complaint states that the encroachments interfered with Plaintiffs' right to the full use and enjoyment of the easement, and Plaintiffs prayed that the court order a preliminary and permanent injunction prohibiting Defendants from obstructing or interfering with Plaintiffs' right to the thirty-foot easement.

Defendant Link filed motions and an answer to Plaintiffs' amended complaint on 29 November 2005. Defendant Willets filed motions and an answer on 27 March 2006.

On 24 July 2006, Plaintiffs filed a Rule 56 motion for summary judgment, arguing that "there are no genuine issues of material fact . . . and that Plaintiffs are entitled to judgment as a matter of law on all claims." Plaintiffs provided the affidavits of Joseph M. James, M.D. (James), Plaintiff Thomas Pottle, and Stuart Y. Benson to support their motion. James, a resident of Cedar Island, stated in his affidavit that the Snug Harbor South, LLC, deed conveyed the property with a right of ingress and egress over two thirty-foot roadway easements, "[t]he purpose [being] . . . to provide [access] from the public road to the property owners within Cedar Island." James stated, "[t]here is no other overland route by which I can access my house[,] . . . absent the [e]asements." When James began construction

of his house, "[he] discussed with . . . Defendant [Link], the need to clear trees, shrubs and other vegetation from the [e]asements." James stated that he made attempts to remove the trees and encroachments by hiring contractors at his own expense, but Defendant Link consistently refused and "physically interposed himself and interfered with all attempts . . . to clear the [e]asements[.]" James further stated that "Defendant [Willets] . . . maintains and continues to erect post and rope fencing around his property and within the [e]asements[,]" and that James made similar attempts to remove the post and rope fencing, which Defendant Willets consistently refused. James said the encroachments make the right-of-way narrow and "create a low overhanging obstruction so as to prevent access to [his] house by any large vehicles[.]"

Defendants moved for summary judgment on 26 July 2006, and at the 10 August 2006 hearing, Defendants argued that the applicable statute of limitations for injuries to incorporeal hereditaments, N.C. Gen. Stat. § 1-50(3), had expired, and secondarily that Plaintiffs' actions constituted an abandonment of the easement. Defendants also supported their motion with the affidavits of Defendant Willet, Defendant Link and R.K. Goodyear. In addition, Defendants filed a motion to dismiss on 26 July 2006, arguing that Plaintiffs "fail[ed] to join all necessary and proper parties."

On 21 August 2006, the court entered an order granting Plaintiffs' motion for summary judgment and denying Defendants' motions for summary judgment and dismissal. From this order, Defendants appeal.

## Summary Judgment

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). Therefore, "[a]ppellate review of the grant of summary judgment is limited to two questions, including: (1) whether there is a genuine question of material fact, and (2) whether the moving party is entitled to judgment as a matter of law." *Wooten v. Town of Topsail Beach*, 127 N.C. App. 739, 740, 493 S.E.2d 285, 286-87 (1997) (citation omitted). "Evidence is viewed in the light most favorable to the non-moving party with all reasonable inferences drawn in favor of the non-movant." *Id.* at 741, 493 S.E.2d at 287.

On appeal, Defendants argue that the trial court committed reversible error by granting Plaintiffs' motion for summary judgment because Plaintiffs' claims are time-barred by application of the statute of limitations "[f]or injury to any incorporeal hereditament" under N.C. Gen. Stat. § 1-50(a)(3) (2005). Plaintiffs argue that their claims are governed by the twenty-year adverse possession statute of limitations, N.C. Gen. Stat. § 1-40 (2005).

"Ordinarily, the question of whether a cause of action is barred by the statute of limitations is a mixed question of law and fact." *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). "However, when the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes one of law, and summary judgment is appropriate." *Id.* (citations omitted). Here, the relevant facts are not disputed. The parties agree that all encroachments, except the fences installed in 2004 and 2005, were planted or installed approximately nine to eleven years before the commencement of Plaintiffs' action. The only question is which statute of limitations applies, and that is a question of law.

"Easements are classified as affirmative or negative." *Davis v. Robinson*, 189 N.C. 589, 598, 127 S.E. 697, 701 (1925) (internal quotation marks omitted). An affirmative easement "is a right to make some use of land owned by another without taking a part thereof." *Builders Supplies Co. v. Gainey*, 282 N.C. 261, 266, 192 S.E.2d 449, 453 (1972) (citations omitted). A negative easement prohibits "the owner of a servient estate . . . from doing something otherwise lawful upon his estate, because it will affect the dominant estate." *Davis*, 189 N.C. at 598, 127 S.E. at 701 (internal quotation marks omitted). "A restrictive covenant is a servitude, commonly referred to as a negative easement[.]" *Hawthorne v. Realty Syndicate, Inc.*, 43 N.C. App. 436, 440, 259 S.E.2d 591, 593 (1979) (citations omitted). Both a restrictive covenant and an easement are incorporeal hereditaments. *Id.* at 440, 259 S.E.2d at 593.

This Court has adopted the following definition of the term "incorporeal hereditament," which "derives from English law":

Anything, the subject of property, which is inheritable and not tangible or visible. A right issuing out of a thing corporate (whether real or personal) or concerning or annexed to or exercisable within the same. A right growing out of, or concern-

ing, or annexed to, a corporeal thing, but not the substance of the thing itself.

*Karner v. Roy White Flowers, Inc.*, 134 N.C. App. 645, 649, 518 S.E.2d 563, 567 (1999), *rev'd on other grounds*, 351 N.C. 433, 527 S.E.2d 40 (2000), (citing Black's Law Dictionary 726 (6th ed. 1990)). The 8th edition of Black's Law Dictionary defines "incorporeal hereditament" as "[a]n intangible right in land, such as an easement." Black's Law Dictionary 743 (8th ed. 2004).

N.C. Gen. Stat. § 1-50(3) (2005) requires that an action for injury to any incorporeal hereditament be brought within six years. *See also Boyden v. Achenbach*, 79 N.C. 539, 543 (1878) (stating that "[i]f the right of way is claimed as an incorporeal hereditament . . . then six years is the statute [of limitations]").

Plaintiffs rely on *Karner*, 134 N.C. App. 645, 518 S.E.2d 563, and *Bishop v. Reinhold*, 66 N.C. App. 379, 311 S.E.2d 298 (1984), for their argument that even though easements are incorporeal hereditaments, the six-year statute of limitations under G.S. § 1-50(3) does not apply in this case. Plaintiffs contend that the injury here is similar to an adverse possession, having a limitation period of twenty years under G.S. § 1-40, and that their "claim for relief [is] . . . not barred 'until defendants [have] been in continuous use [of the easement] for a period of twenty years so as to acquire the right by prescription.' " *Karner*, 134 N.C. App. at 650, 518 S.E.2d at 567 (quoting *Bishop*, 66 N.C. App. At 384, 311 S.E.2d at 301).

In *Bishop*, notwithstanding the three-year statute of limitations for a continuing trespass, *see* N.C. Gen. Stat. § 1-52(3) (2005), this Court held that any action to remove the defendants' structure, which partially encroached onto Bishops' property, "would not be barred until defendants had been in continuous use thereof for a period of twenty years[.]" *Bishop*, 66 N.C. App. at 384, 311 S.E.2d at 301. The Court in *Bishop* explained:

> To deny plaintiffs a right of action . . . would be to allow the defendants a right of eminent domain as private persons (and without the payment of just compensation) or grant defendants a permanent prescriptive easement to use the plaintiffs' land. This the law will not do, as the defendants have not been in possession for 20 years from 1973, the date the house was constructed.

*Id.* at 384, 311 S.E.2d at 301-02.

Similarly, in *Williams v. South & South Rentals*, 82 N.C. App. 378, 382, 346 S.E.2d 665, 667 (1986), an apartment building encroached approximately one square foot onto the plaintiff's property. The Court in *Williams* said, "[w]hile the action sounds in trespass because there is no dispute over title or location of the boundary line, plaintiff seeks a permanent remedy and is subject to the twenty-year statute of limitations for adverse possession."

We conclude that *Bishop* and *Williams*, are distinguishable from the instant case. In both *Bishop* and *Williams*, the defendants' continuous trespass encroached onto plaintiffs' property held in fee, not plaintiffs' incorporeal hereditament.

Furthermore, in *Karner*, this Court rejected a similar argument and ruled that G.S. § 1-50(a)(3), the statute of limitations for injury to an incorporeal hereditament, was applicable to restrictive covenants. In *Karner*, the defendants intended to construct a commercial building in a neighborhood developed as a residential subdivision, and the plaintiffs, lot owners in the neighborhood, filed a complaint to enjoin defendants from erecting the structure. Defendants answered with the defense that the statute of limitations for injury to an incorporeal hereditament, G.S. § 1-50(a)(3), had expired. Plaintiffs then argued that the "correct statute of limitation . . . [was] the 'prescriptive period' of twenty years." *Karner*, 134 N.C. App. at 649, 518 S.E.2d at 567. The Court distinguished *Bishop*, stating that "a residential restrictive covenant is at issue rather than [a] . . . prescriptive easement [to property held in fee]." *Id.* at 650, 518 S.E.2d at 567. Therefore, G.S. § 1-50(a)(3) was the applicable statute of limitations.

Here, we find the logic of *Karner* persuasive. Because an injury to an incorporeal hereditament is at issue, rather than a continuous trespass or a prescriptive easement to property held in fee, as in *Bishop* and *Williams*, we conclude that G.S. § 1-50(a)(3) is the applicable statute of limitations, and Plaintiffs' case is barred if the six year statute of limitations is satisfied.

The parties agree that all but two encroachments onto Plaintiffs' easement began approximately nine to eleven years before the commencement of Plaintiffs' action. Defendants were therefore entitled to partial summary judgment as a matter of law, and the trial court erred in granting summary judgment to Plaintiffs.

Defendants admit, however, that "Defendant Link's fence and Defendant Willets' fence have not been in place for more than six

years[,]" and the parties contest whether "these fences [actually en-croach] into . . . Plaintiffs' easement." Defendants contend that the fences do not encroach, but Plaintiffs disagree and submitted as evidence the affidavit of Stuart Y. Benson, a professional land surveyor, which stated that "[t]he Survey shows a post and rope fence within the Easements around the perimeter of the Willets Lot." Furthermore, the affidavit stated, "[an] additional post and rope fenc[e] [was] erected within the Easements on the Link Lot." The record therefore reveals a genuine issue of material fact, such that summary judgment should be denied and the issue preserved for the jury as to whether Defendants' fences encroached onto Plaintiffs' easement.

The trial court erred by granting summary judgment in Plaintiffs' favor. We therefore reverse and remand for entry of summary judgment for Defendants on all issues for which the statute of limitations has expired, noting that this does not include the 2004 and 2005 installation of fences.

Reversed and Remanded.

Judges CALABRIA and STEPHENS concur.