IN THE SUPREME COURT OF NORTH CAROLINA

No. 108PA14-2

Filed 19 August 2016

DUKE ENERGY CAROLINAS, LLC, Plaintiff

v.

HERBERT A. GRAY, Defendant/Third-Party Plaintiff

v.

JOHN WIELAND HOMES AND NEIGHBORHOODS OF THE CAROLINAS, INC., Third-Party Defendant;

and

BUILDER SUPPORT SERVICES OF THE CAROLINAS, INC. f/k/a JOHN WIELAND HOMES AND NEIGHBORHOODS OF THE CAROLINAS, INC., Fourth-Party Plaintiff

v.

YARBROUGH-WILLIAMS & HOULE, INC., LUCAS-FORMAN, INC., and CARTER LAND SURVEYORS & PLANNERS, INC., Fourth-Party Defendants

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 766 S.E.2d 354 (2014), affirming an order of summary judgment entered on 1 November 2013 by Judge Richard D. Boner in Superior Court, Mecklenburg County. On 10 June 2015, the Supreme Court allowed defendants' conditional petition for discretionary review as to additional issues. Heard in the Supreme Court on 6 October 2015.

*Womble Carlyle Sandridge & Rice, LLP, by Debbie W. Harden and Meredith J. McKee, for plaintiff–appellant/appellee.*

*James, McElroy & Diehl, P.A., by Preston O. Odom, III and John R. Buric, for defendant/third-party plaintiff–appellee/appellant Herbert A. Gray; DeVore, Acton & Stafford, PA, by Fred W. DeVore, III and Derek P. Adler, for third-party defendant/fourth-party plaintiff–appellee/appellant John Wieland*

*Homes and Neighborhoods of the Carolinas, Inc.; and Hamilton Stephens Steele & Martin, PLLC, by Erik M. Rosenwood and Mark R. Kutny, for fourth-party defendant–appellee/appellant Yarbrough-Williams & Houle, Inc.*

*Nelson Mullins Riley & Scarborough LLP, by Joseph W. Eason and D. Martin Warf, for North Carolina Electric Membership Corporation and North Carolina Association of Electric Cooperatives, amici curiae.*

*Kimberly S. Hibbard, General Counsel, and Gregory F. Schwitzgebel, III, Associate General Counsel, North Carolina League of Municipalities; and Daniel F. McLawhorn, City of Raleigh Associate City Attorney, for North Carolina League of Municipalities, amicus curiae.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Matthew D. Rhoad, for Public Service Company of North Carolina, Inc. d/b/a PSNC Energy; and Piedmont Natural Gas Company, Inc., amici curiae.*

EDMUNDS, Justice.

Defendant Herbert A. Gray (defendant) owns real property located in Huntersville, North Carolina. Plaintiff Duke Energy Carolinas, LLC (plaintiff or Duke) owns an easement allowing construction of and access to its power lines. A portion of defendant's property encroaches on plaintiff's easement and defendant has failed to remove the encroachment upon plaintiff's request. We consider whether plaintiff has a right to eject defendant's encroachment from the easement. Defendant contends that N.C.G.S. § 1-50(a)(3), which establishes a six-year statute of limitations for injury to any incorporeal hereditament, bars plaintiff's claim. We conclude that removal of the encroachment is a recovery of real property lying outside the scope of subdivision 1-50(a)(3). As a result, this action falls within the twenty-year statute of

limitations set out in N.C.G.S. § 1-40. Accordingly, we reverse the decision of the Court of Appeals.

J.L. and Pearl D. Wallace, defendant's predecessors in title, executed a duly recorded easement agreement with Duke Power Company, now plaintiff Duke Energy Carolinas, LLC, on 18 May 1951. The agreement granted plaintiff certain rights in a two hundred-foot-wide strip of land, including "the right to enter said strip . . . and to construct, maintain and operate within the limits of same, poles, towers, wires, lines, apparatus and appliances for the purpose of transmitting electric power and for telephone purposes," and "the right to keep said strip of land free and clear of any or all structures . . . except those placed in or upon same by said Power Company." The agreement also stated that "[t]he right of way and easements hereby granted shall be binding upon and shall inure to the parties hereto, their successors, heirs and assigns." Plaintiff thereafter constructed an overhead 100,000 volt electrical transmission line within the easement in 1951. A 230,000 volt transmission line was constructed in 1957 and 1958.

In September 2005, Yarbrough-Williams & Houle, Inc. (Yarbrough-Williams), a corporation specializing in professional land surveying, created a plat titled "Skybrook Phase 8 Map 1" and recorded it in Mecklenburg County. At the same time, Yarbrough-Williams physically staked out the boundaries of the surveyed property, including the boundaries of Lot 533, the property at issue. The following month, John Wieland Homes and Neighborhoods of the Carolinas, Inc. (Wieland), now Builder

Support Services of the Carolinas, Inc., purchased the Skybrook development, including Lot 533. In December 2005, Wieland contracted with Lucas-Forman, Inc. (Lucas-Forman), another corporation specializing in land surveying, to plot and stake the location of the building footprint for Lot 533. In January and February 2006, Wieland dug the footings and poured the foundation for a house on the Lot. On 16 February 2006, Wieland contracted with Carter Land Surveyors & Planners, Inc. (Carter Land Surveyors), yet another company specializing in land surveying, to conduct a foundation survey of Lot 533. The purpose of this week-long foundation survey was to confirm that no setback, easement, right-of-way, or boundary violations existed.

Thereafter, Wieland completed construction of the house in question on Lot 533, and the county issued a certificate of occupancy on 11 October 2006. In early 2007, defendant purchased the house and lot from Wieland for $608,667.00. During the process, Wieland provided defendant a copy of the foundation survey. Defendant remains the owner of Lot 533, which now bears the address of 14440 Salem Ridge Road, Huntersville, North Carolina.

Three years later, around 17 February 2010, defendant received a letter from Duke alleging that a portion of his home was encroaching on Duke's right-of-way and asking defendant to remove the encroachment. When defendant did not comply, plaintiff filed suit in Superior Court, Mecklenburg County, on 12 December 2012, seeking injunctive and other relief. On 3 January 2013, defendant filed an answer

and counterclaim, adding a third-party complaint against Wieland. Plaintiff replied to the counterclaim and third-party complaint on 13 February 2013. Wieland answered the third-party complaint and filed both a motion to dismiss and a fourth-party complaint against Yarbrough-Williams, Lucas-Forman, and Carter Land Surveyors on 8 March 2013. On 7 May 2013, Yarbrough-Williams filed a motion to dismiss the fourth-party complaint. This filing also included Yarbrough-Williams's answer and affirmative defenses. Lucas-Forman filed an answer to and motion to dismiss the fourth-party complaint on 13 May. Finally, Carter Land Surveyors filed a motion to dismiss the fourth-party complaint on 21 June. The trial court denied Yarbrough-Williams's and Lucas-Forman's motions to dismiss on 6 September, and Carter Land Surveyors' motion to dismiss on 13 September 2013.

Wieland filed a motion seeking partial summary judgment on 10 September 2013, and defendant followed with a motion for summary judgment on 2 October 2013. Both argued that the six-year statute of limitations for an injury to an incorporeal hereditament set out in N.C.G.S. § 1-50(a)(3) had run and that, as a result, plaintiff had no legal remedy. After conducting a hearing, the trial court on 1 November 2013 granted the motions for summary judgment filed by defendant and by Wieland, finding that plaintiff's claims were barred by the six-year statute of limitations pertaining to incorporeal hereditaments. The court further found that the limitations periods set out in N.C.G.S. §§ 1-40 and 1-47(2) did not apply.

Plaintiff appealed, and the Court of Appeals affirmed the trial court's grant of summary judgment. *Duke Energy Carolinas, LLC v. Gray*, ___ N.C. App. ___, 766 S.E.2d 354 (2014). The Court of Appeals concluded that an easement constitutes an incorporeal hereditament and, based on the plain language of N.C.G.S. § 1-50(a)(3), an action for injury to an incorporeal hereditament must be brought within six years. *Id.* at ___, 766 S.E.2d at 358. In its analysis, the Court of Appeals found itself bound by its holding in *Pottle v. Link*, 187 N.C. App. 746, 654 S.E.2d 64 (2007), *appeal dismissed*, 362 N.C. 509, 668 S.E.2d 31 (2008), in which that court concluded that an action by the owner of a dominant estate for injunctive relief against the servient estate owner's encroachment constituted an action for injury to an incorporeal hereditament governed by subdivision 1-50(a)(3). *Duke Energy Carolinas*, ___ N.C. App. at ___, 766 S.E.2d at 361.

The Court of Appeals further held that the statute of limitations for a claim based on injury to an incorporal hereditament begins to run "from the time that the claim accrues, even if a plaintiff is not aware of the injury at that time." *Id.* at ___, 766 S.E.2d at 359. The court determined that plaintiff should have been aware of the encroachment when the certificate of occupancy was issued on 11 October 2006, denoting the completion of construction, and thus was required to file suit against defendant by 11 October 2012 to avoid running afoul of the statute of limitations. *Id.* at ___, 766 S.E.2d at 359. Accordingly, the Court of Appeals concluded that the statute of limitations had expired when plaintiff filed its complaint on 12 December

2012. *Id.* at ___, 766 S.E.2d at 358. On 10 June 2015, this Court allowed plaintiff's petition for discretionary review and a conditional petition for discretionary review filed by defendant, Wieland, and Yarbrough-Williams.

The key issue before us is whether the trial court and the Court of Appeals erred in identifying the applicable statute of limitations. We review determinations by the Court of Appeals for errors of law. N.C. R. App. P. 16(a). The Court of Appeals affirmed the trial court's grant of summary judgment in favor of defendant and Weiland on the grounds that the six-year statute of limitations barred plaintiff's claims. To prevail on a motion for summary judgment, the moving party must first show that, when viewed in the light most favorable to the nonmoving party, no genuine issues of material fact exist. N.C. R. Civ. P. 56(c); *Beverage Sys. of the Carolinas, LLC v. Associated Beverage Repair, LLC*, ___ N.C. ___, ___, 784 S.E.2d 457, 460 (2016). Allowing a defendant's motion for summary judgment on the basis of the statute of limitations is appropriate only when all the facts necessary to establish the limitation are alleged or admitted by the plaintiff, with the plaintiff receiving the benefit of all relevant inferences. *City of Reidsville v. Burton*, 269 N.C. 206, 210, 152 S.E.2d 147, 150 (1967) (citations omitted).

Defendant argues that the appropriate limitation period is the six years set out in N.C.G.S. § 1-50(a)(3), while plaintiff contends that the twenty-year statute of limitations found in N.C.G.S. § 1-40 is proper. The former, set out in Chapter 1, Article 5 ("Limitations, Other Than Real Property"), applies to actions for "injury to

any incorporeal hereditament." N.C.G.S. § 1-50(a)(3) (2015). The latter, set out in Chapter 1, Article 4 ("Limitations, Real Property"), applies to "action[s] for the recovery or possession of real property." *Id.* § 1-40 (2015). As a result, we must determine whether this action involves injury to an incorporeal hereditament or recovery of real property.

We begin our analysis by considering the characteristics of an incorporeal hereditament, which has been defined as "[a]n intangible right in land, such as an easement." *Incorporeal Hereditament, Black's Law Dictionary* (10th ed. 2014); *see also Davis v. Robinson*, 189 N.C. 589, 598, 127 S.E. 697, 702 (1925) ("An easement is an incorporeal hereditament, and is an interest in the servient estate." (citations omitted)). Consistent with this definition, we have observed that "[a]n easement always implies an interest in the land. It is real property, and it is created by grant." *Davis*, 189 N.C. at 600, 127 S.E. at 703 (citations omitted) (quoting *Atl. & Pac. R.R. v. Lesueur*, 2 Ariz. 428, 430, 19 P. 157, 158-59 (1888)); *see also Real Property, Black's Law Dictionary* (10th ed. 2014) ("Real property can be either corporeal (soil and buildings) or incorporeal (easements)."). Accordingly, the easement in this case, while an incorporeal hereditament, is also real property.

Next, we review the nature of plaintiff's action. Plaintiff's easement gives plaintiff a property right to a degree of control over the use of an identified swath of land, specifically including "the right to keep said strip of land free and clear of any or all structures." Plaintiff alleges that the encroachment of defendant's home into

that strip interferes with and invades its rights over that tract. While plaintiff has alleged an injury to its rights as possessor of the easement, the remedy plaintiff pursues is not damages for any injury to the easement. Instead, plaintiff wishes to regain control over the part of its easement now occupied by defendant's house. Because plaintiff seeks to recover full use of its easement, and because the easement is real property, we conclude that this action is for the recovery of real property. By definition, the statutes of limitation in Chapter 1, Article 5 do not apply to the recovery of real property. *See* N.C.G.S. § 1-46 (2015) (stating that the limitations periods found in Article 5 are for "actions, other than for the recovery of real property"). Consequently, we conclude that plaintiff's claim is subject to the section 1-40 twenty-year statute of limitations. For similar reasons, the ten-year statute of limitations for sealed instruments found in N.C.G.S. § 1-47(2) is inapplicable because it too is contained in Chapter 1, Article 5 of the General Statutes.

Not only do we conclude that this result is dictated by the language found in the applicable statutes and cases, we acknowledge that utility facilities crisscross the state above, on, and beneath the ground. Their accompanying easements are not always readily subject to routine inspection by the owning utility. We do not believe that the drafters of N.C.G.S. § 1-50(a)(3) intended that a utility's right to maintain such easements could be successfully challenged in a time as short as six years.

We reverse the decision of the Court of Appeals and conclude that the trial court erred in granting summary judgment in favor of defendant and Wieland upon

finding that Duke's claims were barred by N.C.G.S. § 1-50(a)(3). In addition, we overrule the decision of the Court of Appeals in *Pottle v. Link*, 187 N.C. App. 746, 654 S.E.2d 64 (2007), insofar as that opinion deemed section 1-40 inapplicable to actions involving encroachments on easements. Defendant's pending claims against other parties are unaffected by this result.

Defendant, Weiland, and Yarbrough-Williams raised several additional issues in their conditional petition to this Court. The first issue is whether plaintiff failed to assert that the encroachment materially interferes with its use of the easement. The second issue is whether the doctrine of laches applies if plaintiff knew or should have known of the alleged encroachment more than six years preceding the filing of this action. As to both of those issues we hold that discretionary review was improvidently allowed. Furthermore, we do not reach the remaining issues raised in the parties' petitions for discretionary review because we have determined that Chapter 1, Article 5 does not apply to this case.

For the forgoing reasons, the decision of the Court of Appeals is reversed, and this case is remanded to that court for remand to the trial court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.